RECEIPT #
AMOUNT $ N/A
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 8-2-05

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUDSON SAVINGS BANK, ) | |
| ) | |
| Plaintiff, ) | Civil No. _____ |
| ) | |
| v. ) | |
| ) | |
| GEORGE C. AUSTIN, III, Executor of the Estate ) | 05  11604 GAO |
| of George Clifford Austin, Jr., a/k/a G. Clifford ) | |
| Austin, II, GEORGE C. AUSTIN, III, As Heir of ) | |
| George Clifford Austin, Jr. a/k/a G. Clifford ) | |
| Austin, II, UNITED STATES OF AMERICA, and ) | |
| MASSACHUSETTS DEPARTMENT OF ) | |
| REVENUE, ) | MAGISTRATE JUDGE Collings |
| ) | |
| Defendants. ) | |

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

The defendant United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully states as follows:

1. The United States of America has been named as a defendant to the civil action that is now pending in the Superior Court Department, Middlesex County, for the Commonwealth of Massachusetts, entitled <u>Hudson Savings Bank v. George C. Austin III, As Executor of the Estate of George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, et al.</u>, Case No. 05-01231-G.

2. This action is removable to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1441, 1442 and/or 1444.

3. No prior removal of this action has been attempted.

4. The removal of this action is timely under the provisions of 28 U.S.C. §1446(b) as the United States has thirty days from the date of service to remove to federal court. Although the

1258050.1

- 2 -

Plaintiff mailed a copy of the summons and complaint by certified mail to the United States Attorney's Office in Massachusetts on July 1, 2005, proper service was not made as required by 28 U.S.C. § 2410(b).

5. Copies of all pleadings received by the defendant United States in this proceeding are attached hereto.

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on

August 1, 2005

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

BARBARA HEALY SMITH
United States Attorney's Office
One Courthouse Way
Suite 9200
Boston, Massachusetts 02210

LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

1258050.1

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
(EQUITABLE RELIEF) — OTHER

RECEIVED
U.S. ATTORNEY
07 JUL -5 PM 1:05

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX, ss.
[seal]

No. 05-01231-G

Hudson Savings Bank .................... Plaintiff(s)

v.

George C. Austin, III, Executor, et al. .................... Defendant(s)

### SUMMONS

To the above-named Defendant: United States Attorney

You are hereby summoned and required to serve upon Daniel J. Burger .................... plaintiff's attorney, whose address is 74 Main Street, Marlborough, MA 01752 ............ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ............ Cambridge .................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, ~~Truman K. Morse, Jr.~~, Esquire, at ............ Cambridge ............ the ............ 8th ............ day of ............ June ............ in the year of our Lord ~~one thousand nine hundred and~~ 2005

*Edward J. Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP.—001

| CIVIL ACTION COVER SHEET | DOCKET NO<br>05-01231-G | Trial Court of Massachusetts<br>Superior Court Department<br>County:_____ |
|---|---|---|

| PLAINTIFF(S)<br>Hudson Savings Bank | DEFENDANT(S) George C. Austin, III, Executor of the Estate of George Clifford Austin, Jr. aka G. Clifford Austin, II, et. al. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Daniel J. Burger, Esq., Law Offices of Joseph J. Connolly, 74 Main Street, Marlboro, MA 01752<br>508-485-4488<br>Board of Bar Overseers number: 640753 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | Interpleader | (X) | ( ) Yes (X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
Subtotal $ . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
F. Other documented items of damages (describe)
$ . . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ . . . . . . . . . . . .
TOTAL $ . . . . . . . . . . . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Interpleader action under Mass. R. Civ. P. Rule 22 which seeks determination of the priority of claims to net proceeds of a foreclosure sale of a condominium unit because the total amount of the claims exceeds the amount of the net proceeds of the foreclosure sale.
100,291.50
TOTAL $.XXXXXXXXXXXX

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 4/6/2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                   SUPERIOR COURT DEPARTMENT
                                                 CIVIL ACTION NO. 05-01231-G

)
HUDSON SAVINGS BANK,                             )
    Plaintiff                                    )
                                                 )
                                                 )
vs.                                              )
                                                 )
GEORGE C. AUSTIN, III, As Executor of the Estate of )
George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, )
                                                 )
GEORGE C. AUSTIN, III, As heir of George Clifford )
Austin, Jr., a/k/a G. Clifford Austin, II,       )
                                                 )
UNITED STATES OF AMERICA, and                    )
                                                 )
MASSACHUSETTS DEPARTMENT OF REVENUE, )
    Defendants                                   )
                                                 )

**COMPLAINT**

PRELIMINARY STATEMENT

This is an Interpleader action, under Mass. R. Civ. P. Rule 22, which seeks a determination of the priority of claims to the net proceeds of a foreclosure sale of a condominium unit because the total amount of the claims exceeds the amount of the net proceeds of the foreclosure sale of the condominium unit.

PARTIES

1. The Plaintiff, Hudson Savings Bank, has a principal place of business at 42 Main Street, Hudson, MA 01749, and was the holder of a first mortgage upon the condominium unit located at 31 Village Drive, Unit No. 17 in Building No. 6, Marlborough, Middlesex County, Massachusetts, (hereinafter the "Unit"), which mortgage was recorded with the Middlesex County (Southern District) Registry of Deeds on March 8, 1999, at Book 29889, Page 59, (hereinafter the "Mortgage").

2. The Defendant, George C. Austin, III, in his capacity as Executor of the Estate of George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, maintains an address of 24 Bolton Street, Marlborough, MA 01752. The decedent was the record owner of the Unit pursuant to a Unit Deed recorded with the Middlesex County (Southern District) Registry of Deeds on March 8, 1999, at Book 29889, Page 54. See Middlesex Probate and Family Court records Docket No. 03P5098EP1.

3. The Defendant, George C. Austin, III, in his capacity as Heir of George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, maintains an address of 24 Bolton Street, Marlborough, MA 01752. The decedent was the record owner of the Unit pursuant to a Unit Deed recorded with the Middlesex County (Southern District) Registry of Deeds on March 8, 1999, at Book 29889, Page 54. See Middlesex Probate and Family Court records Docket No. 03P5098EP1.

4. The Defendant, United States of America (Internal Revenue Service), whose address is Post Office Box 9112 Stop 20800, JFK Post Office, Boston, MA 02203, is the holder of the following:

   (a) a Notice of Federal Tax Lien, in the amount of $207,547.53, upon all property and rights to property belonging to George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, with the Middlesex County (Southern District) Registry of Deeds on April 3, 2001, in Book 32615, Page 29. (Attached hereto as Plaintiff's Exhibit 1.)

   (b) a Notice of Federal Tax Lien, in the amount of $97,307.04, upon all property and rights to property belonging to George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, with the Middlesex County (Southern District) Registry of Deeds on July 29, 2002, in Book 35985, Page 619. (Attached hereto as Plaintiff's Exhibit 2.)

5. The Defendant, Massachusetts Department of Revenue, whose address is P.O. Box 9565, 100 Cambridge Street, Boston, MA 02114-9565, is the holder of the following:

(a)  a Notice of Massachusetts Tax Lien, in the amount of $29,376.00, upon all property and rights to property belonging to George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, with the Middlesex County (Southern District) Registry of Deeds on March 11, 1999, in Book 29901, Page 327. (Attached hereto as Plaintiff's Exhibit 3.)

(b)  a Notice of Massachusetts Tax Lien, in the amount of $27,087.60, upon all property and rights to property belonging to George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, with the Middlesex County (Southern District) Registry of Deeds on July 11, 2001, in Book 33229, Page 553. (Attached hereto as Plaintiff's Exhibit 4.)

## FACTS

6.  On or about August 13, 2004, at a public foreclosure auction held at the Unit, Hudson Savings Bank sold the Unit to the highest bidder.

7.  After payment of the expenses associated with the foreclosure sale of the Unit, the net proceeds of the foreclosure sale were $99,731.34.

8.  As of the date of this Complaint the total amount of money held by the plaintiff from the net proceeds of the foreclosure sale of the Unit is approximately $100,291.50.

9.  The Defendants United States of America (Internal Revenue Service) and Massachusetts Department of Revenue have both claimed an interest in the net proceeds of the Unit in the amounts set forth in their respective notices of tax liens.

10. The Defendant George C. Austin, III, as Executor of the Estate of George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, and the Defendant George C. Austin, III, as heir of George Clifford Austin, Jr., a/k/a G. Clifford Austin, II, may have a reversionary interest in the net proceeds of the foreclosure sale of the Unit.

11. The Defendants have conflicting claims to the net proceeds of the foreclosure sale of the Unit and are unable to agree on the priority of their respective liens and have requested that the Plaintiff file an Interpleader action.

12. The net proceeds held by the Plaintiff are insufficient to satisfy the total amount of the tax liens claimed by the Defendants and, therefore, the Plaintiff is unable to satisfy both of these Defendants' claims to the net proceeds of the foreclosure sale of the Unit.

13. By reason of these conflicting claims and the Defendants' request, Plaintiff is in great doubt as to which Defendant is entitled to be paid the net proceeds of the foreclosure sale of the Unit.

PRAYER

WHEREFORE, the Plaintiff demands that the Court adjudge:

(1) Each of the Defendants be restrained from instituting any action against the Plaintiff for recovery of the net proceeds of the foreclosure sale of the Unit.

(2) The Defendants be required to interplead and settle between themselves their right to the net proceeds of the foreclosure sale of the Unit, and that the Plaintiff be discharged from all liability thereon.

(3) The Plaintiff be allowed to pay the net proceeds of the foreclosure sale into the Court and upon such payment, the Plaintiff shall be dismissed as a party from this action.

(4) The Plaintiff be allowed to deduct, from the amount the amount of the net proceeds paid into the Court, the Plaintiff's costs, including attorney's fees, incurred in connection with the filing of this action and the paying of the net foreclosure sale proceeds into the Court.

(5) Such other and further relief as this Court shall determine that the rights of the parties require.

Respectfully Submitted,

HUDSON SAVINGS BANK,
By its attorney,

Daniel J. Burger
Law Offices of Joseph J. Connolly
74 Main Street
Marlborough, MA 01745
(508) 485-4488
B.B.O. # 640753

BK32615PG029

| Form 668 (Y)(c) | 498 | Department of the Treasury - Internal Revenue Service |
| --- | --- | --- |
| (Rev. October 2000) | | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (617) 316-2575 | Serial Number 40187178 | For Optional Use by Recording Office |
| --- | --- | --- |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

PLAINTIFF'S EXHIBIT 1

Name of Taxpayer  G CLIFFORD AUSTIN

Residence   31 VILLAGE DR
            MARLBOROUGH, MA 01752-3672

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
| --- | --- | --- | --- | --- | --- |
| 6672 | 12/31/1999 | 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 | 12/04/2000 | 01/03/2011 | 207547.53 |

Place of Filing
   Registry of Deeds
   Southern Middlesex County
   E. Cambridge, MA  02141

Total $ 207547.53

This notice was prepared and signed at   Boston, MA   , on this,

the  27th  day of  March , 2001.

Signature                                Title
   for JOHN CASHMAN 04-05042             Revenue Officer   (508) 460-0406    04-01-2372

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

| Form 668 (Y)(c) (Rev. October 2000) | 498 | Department of the Treasury - Internal Revenue Service **Notice of Federal Tax Lien** | |
|---|---|---|---|
| **Area:** SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (617) 316-2575 | | **Serial Number** 40210144 | **For Optional Use by Recording Office** PLAINTIFF'S EXHIBIT 2 |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  G CLIFFORD AUSTIN

Residence  31 VILLAGE DR
MARLBOROUGH, MA 01752-3672

Bk: 35985 Pg: 619
Recorded: 07/29/2002
Document: 00000247 Page: 1 of 1

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6672 | 03/31/2000 | 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 | 03/18/2002 | 04/17/2012 | 9355.53 |
| 6672 | 06/30/2000 | 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 | 03/18/2002 | 04/17/2012 | 21032.36 |
| 6672 | 09/30/2000 | 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 | 03/18/2002 | 04/17/2012 | 19703.83 |
| 6672 | 12/31/2000 | 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 | 03/18/2002 | 04/17/2012 | 24636.84 |
| 6672 | 03/31/2001 | 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 | 03/18/2002 | 04/17/2012 | 22578.48 |

Place of Filing
Registry of Deeds
Southern Middlesex County
E. Cambridge, MA  02141

Total $ 97307.04

This notice was prepared and signed at ____Boston, MA____, on this,

the ___12th___ day of ___July___, 2002.

Signature _____  Title REVENUE OFFICER    21-07-2385
for DONALD MAVRIDES                    (508) 460-0406

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409).

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 10-00)
CAT. NO 60025X

BK 29901 PG 327

Commonwealth of Massachusetts Department of Revenue

# NOTICE OF MASSACHUSETTS TAX LIEN

No. 0530 0000 2604 1

*Pursuant to the provisions of Section 50 of Chapter 62C of the General Laws, notice is hereby given that there have been assessed against the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is a lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.*

AUSTIN, G CLIFFORD  034260084  043134497  547231
204 FARM ROAD
MARLBORO         MA    01752

| Tax Type | Period End Date | Date of Deemed Assessment | | Balance Due |
|---|---|---|---|---|
| WITH INC | 09-30-97 | 02-22-99 | | $197.18 |
| WITH INC | 12-31-97 | 02-22-99 | | $1,555.81 |
| WITH INC | 03-31-98 | 02-22-99 | | $5,914.11 |
| WITH INC | 06-30-98 | 02-22-99 | | $11,787.49 |
| WITH INC | 09-30-98 | 02-22-99 | | $9,922.01 |
| | | | TOTAL | $29,376.60 |

PLACE OF FILING
☑ Registry of Deeds     MIDDLESEX COUNTY, CAMBRIDGE, MA

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE
[illegible]
BOSTON, MA 02204

Re: EASTERN SHEET METAL INC

Req. by: THOMAS A. BROWN

Signature: [signature]
Title: BUREAU CHIEF

PLAINTIFF'S EXHIBIT 3

BK33229PG553

## Commonwealth of Massachusetts Department of Revenue
## NOTICE OF MASSACHUSETTS TAX LIEN

No. 0530 0000 4616 1

*Pursuant to the provisions of Section 50 of Chapter 62C of the General Laws, notice is hereby given that there have been assessed against the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is a lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.*

AUSTIN, G CLIFFORD  034260084  043134497  S47231
31 VILLAGE DR
MARLBOROUGH        MA    01752

| Tax Type | Period End Date | Date of Demand Assessment | Balance Due |
|---|---|---|---|
| WITH INC | 03-31-99 | 02-22-01 | $1,865.64 |
| WITH INC | 06-30-99 | 02-22-01 | $1,559.04 |
| WITH INC | 09-30-99 | 02-22-01 | $2,941.57 |
| WITH INC | 12-31-99 | 02-22-01 | $6,798.93 |
| WITH INC | 03-31-00 | 02-22-01 | $8,335.11 |
| WITH INC | 06-30-00 | 02-22-01 | $5,587.31 |

TOTAL  $27,087.60

**PLACE OF FILING**
*Registry of Deeds*  MIDDLESEX COUNTY, CAMBRIDGE, MA

MDOR-Collections Bureau
P.O. Box 7021
Boston, MA 02204

Re: EASTERN SHEET METAL INC

Req. by: THOMAS A. BROWN

Sig: [signature]
Title: BUREAU CHIEF

PLAINTIFF'S EXHIBIT 4

## Commonwealth of Massachusetts
### County of Middlesex
### The Superior Court

CIVIL DOCKET# MICV2005-01231-G

RE: Hudson Savings Bank v Austin III, Executor Estate of George Clifford Austin Jr aka et al

TO: Daniel J Burger, Esquire
Law Offices of Joseph J. Connoll
74 Main Street
Marlborough, MA 01752

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/07/2005 |
| Response to the complaint filed (also see MRCP 12) | 09/05/2005 |
| All motions under MRCP 12, 19, and 20 filed | 09/05/2005 |
| All motions under MRCP 15 filed | 09/05/2005 |
| All discovery requests and depositions completed | 02/02/2006 |
| All motions under MRCP 56 served and heard | 03/04/2006 |
| Final pre-trial conference held and firm trial date set | 04/03/2006 |
| Case disposed | 06/02/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session G sitting in Rm 9B (Cambridge) at Middlesex Superior Court.

Dated: 04/15/2005

Edward J. Sullivan
Clerk of the Courts
BY: James Lynch
Assistant Clerk

Location: Rm 9B (Cambridge)
Telephone: 617-494-4010 EXT 4274

***ATTENTION: SUFFOLK COUNTY SUPERIOR COURT ONLY***
On or after **April 4, 2005** all lawyers, litigants, witnesses etc. who have a notice to appear before **Suffolk County Superior Court for Criminal** business are to report to the Superior County Courthouse. On or after **April 11, 2004** all lawyers, litigants, witnesses etc. who have a notice to appear before for the **Suffolk County Superior Court for Civil** business are to report to the Suffolk County Courthouse. The Suffolk County Courthouse is located at Three Pemberton Square, Boston 02108.

cvdtrack_2.wpd 2716181 inidoc01 mcnannp