IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUDSON SAVINGS BANK,           ) | |
|                    Plaintiff  ) | CIVIL ACTION NO. **05-11604-GAO** |
| v.                             ) | **(Formerly Middlesex County Superior** |
|                                ) | **Court Civil Action No. 05-01231-G)** |
| GEORGE C. AUSTIN, III, As Executor of the ) | |
| Estate of George Clifford Austin, Jr., a/k/a ) | |
| G. Clifford Austin, II,        ) | |
|                                ) | |
| GEORGE C. AUSTIN, III, As Heir of George ) | |
| Clifford Austin, Jr., a/k/a G. Clifford Austin, II) | |
|                                ) | |
| UNITED STATES OF AMERICA, and  ) | |
|                                ) | |
| MASSACHUSETTS DEPARTMENT OF    ) | |
| REVENUE,                       ) | |
|                    Defendants  ) | |

**DEFENDANT COMMONWEALTH OF MASSACHUSETTS
COMMISSIONER OF REVENUE'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS ENTIRE CASE**

**INTRODUCTION**

This is a civil action in interpleader in which there are conflicting claims to a surplus fund resulting from a foreclosure of a mortgage and the sale of real estate by the plaintiff. The plaintiff requests that it be allowed to pay the surplus fund into the Court and further requests that it be discharged from any further obligation involving this matter. The action was commenced on or about April 8, 2005 in the Middlesex County Superior Court for the Commonwealth of Massachusetts and was removed to the United States District Court for the District of Massachusetts on or about August 1, 2005 by the defendant, the United

-1-

States of America ("United States"), with service of the Notice of Removal received by the defendant, the Commonwealth of Massachusetts Commissioner of Revenue ("Commonwealth") on August 3, 2005.

The Commonwealth moves to dismiss this action in its entirety on the grounds that (1) the Eleventh Amendment to the United States Constitution bars this action against the Commonwealth in this Court, and (2) the Commonwealth is an indispensable party to this case.

The issues presented by this motion have been considered in several cases in this Court in the past two years. In four of the recent cases decided by the Court, which were commenced in the Massachusetts Superior Court and removed by the United States to this Court, the Court (1) has dismissed the Commonwealth on the basis of its Eleventh Amendment immunity, and (2) due to the absence of the Commonwealth as a necessary party, has dismissed the entire action. See attached GMAC Mortgage Corporation v. Jeffrey L. Bayko, Sr., U.S. District Court C.A. No. 04-12448-GAO (March 24, 2005) (discussed further below) and First Federal Savings Bank of America v. John P. Ward, U.S. District Court C.A. No. 03-10168-GAO, (October 7, 2003) (discussed further below) and Cape Ann Savings Bank v Walter Johnson, U.S. District Court C.A. No. 02-10032-GAO and 02-10036-GAO, (August 12, 2002) (also discussed further below) and Richard Woods v. Richard Woods, U.S. District Court C.A. No. 02-CV-40112-NMG, (December 24, 2002), (not an interpleader action but rather an action seeking a declaratory judgment, which action was dismissed in its entirety by Judge Gorton because of the lack

-2-

of waiver of the Commonwealth's sovereign immunity). On May 20, 2005, the United States appealed Judge O'Toole's decision in <u>GMAC Mortgage Corporation v. Jeffrey L. Bayko Sr.</u>, C.A. No. 04-12448-GAO (First Circuit No. 05-1859) and a copy of the Notice of Appeal is attached hereto. The appellant's time to file its brief and appendix has been enlarged to and including August 24, 2005. The United States appealed Judge O'Toole's decision in <u>First Federal Savings Bank v. John P. Ward</u>, C.A. No. 03-10168-GAO, (October 7, 2003) but later determined not to pursue the appeal.

In six other actions, copies of which decisions are attached, the Court has dismissed the Commonwealth but not the entire action. See <u>GE Capital Mortgage Services, Inc. v. Estate of Hilda Lugo</u>, C.A., C.A. No. 12972-JLT, (May 26, 2004); <u>Horizon Bank and Trust Company v. Paul Flaherty</u>, 309 F.Supp. 2d 178; 2004 U.S. Dist. LEXIS 4796 (D. Mass. 2004); <u>Marc Whitehouse v. Commonwealth of Massachusetts</u>, C.A. No. 03-10358-PBS, (May 20, 2003); <u>First Massachusetts Bank v. Kenneth L. Daoust</u>, 214 F. Supp.2d 79 (July 26, 2002); <u>Fleet National Bank v. Ronald F. Kaplan</u>, C.A. No. 02-11175-RWZ, (October 11, 2002) and <u>Plymouth Savings Bank v. Joseph C. Gonsalves</u>, C.A. No. 02-01952-MLW, (June 26, 2002). In the <u>Plymouth Savings Bank v. Gonsalves</u>, decision, Judge Wolf allowed the Commonwealth's motion, which was not opposed, and remanded the action to the state court. In her decision in the matter of <u>Fleet National Bank v. Kaplan</u>, Judge Zobel found that because the Commonwealth's sovereign immunity had not been abrogated with "unequivocal statutory language" or waived, a dismissal of the Commonwealth was appropriate, but she did not allow the Commonwealth's motion to dismiss the entire action upon the dismissal of the Commonwealth. Judge Zobel decided

that " . . . There is no need to dismiss the entire action for failure to join an indispensable party. This Court can lessen or avoid any prejudice to the Commonwealth by giving it notice of further proceedings and an opportunity to file briefs as amicus." See page 2 of the attached Memorandum of Decision and Order. In her decision in the matter of Marc Whitehouse v. Commonwealth, Judge Saris allowed the motion of the Commonwealth to be dismissed as a party on the ground that the Eleventh Amendment bars an interpleader action against the Commonwealth in federal court. However, she did not dismiss or remand the entire action on the ground that the Commonwealth is an indispensable party pursuant to Fed.R.Civ.P.19(b) and stated "the Commonwealth can protect its interests by moving to intervene, appearing as amicus, or filing a declaratory judgment action." See pages 2 and 3 of the attached Memorandum and Order. In his decision in the matter of GE Capital Mortgage Services, Inc. v. Estate of Hilda Lugo, Judge Tauro cited the decision of Chief Judge Young in the matter of Horizon Bank & Trust Company v. Paul Flaherty. The decision in both actions was that the Commonwealth was dismissed on the ground that the Eleventh Amendment bars an interpleader action against the Commonwealth in federal court. However, the actions were not dismissed in their entirety upon the dismissal of the Commonwealth because the Court found, in each case, that the Commonwealth is not an indispensable party pursuant to Fed. R. Civ. P. 19(b). In the February 5, 2004 Amended Judgment and Memorandum and Order entered by the Court in the Horizon Bank and Trust Company v. Paul Flaherty, and cited by Judge Tauro in his May 26, 2004 Memorandum and Order in the matter of GE Capital Mortgage Services, Inc v. Estate of Hilda Lugo, Chief Judge Young found that "the gestalt factors [that are listed in Rule

19(b)] weigh in favor of proceeding to judgment". See Horizon Bank, 309 F.Supp.2d at 198. The Commonwealth appealed the final judgment in Horizon Bank & Trust Company v. Paul Flaherty, First Circuit No. 04-1480, on the ground that the District Court had erred in holding that the Commonwealth was not an indispensable party to the action of interpleader under Fed.R.Civ.P.19(b) and in declining to dismiss the case in its entirety after dismissing the Commonwealth from the action (relative to the claims of the private parties) on the ground of sovereign immunity. On December 8, 2004, the U.S. Court of Appeals ruled the Commonwealth's appeal to be moot because the Commonwealth did not contest the District Court's determination of the parties' respective claims to the fund at issue. See 2004 WL 2809221 (copy of slip opinion attached hereto).

In the other four cases cited, after entry of its orders dismissing the Commonwealth but declining to dismiss the actions in their entirety, the Court has usually proceeded to the entry of agreements for judgment, providing for the distribution of the interpleader fund, arguably leaving no aggrieved party to appeal the case to the Court of Appeals.

The Commonwealth and the United States both have an interest in this action by virtue of their tax liens recorded against George Clifford Austin, Jr. a/k/a G. Clifford Austin, II ("Austin"). Priority to the interpleader fund as between the taxing authorities, i.e., the Massachusetts Department of Revenue and the United States Internal Revenue Service, is determined according to the dates of assessment by each. M.G.L. c. 62C, §50.

Both state and federal taxing authorities assessed Austin for outstanding tax liabilities owed to them. As alleged in paragraph 1 of the Complaint filed in this

action, the plaintiff, Hudson Savings Bank ("Hudson") was the holder of a first mortgage given by George Clifford Austin, Jr., a/k/a G. Clifford Austin II.

On or about August 13, 2004, as alleged in paragraph 6 of the Complaint, the plaintiff foreclosed on the mortgaged property by public auction. The foreclosure sale resulted in the interpleader fund at issue in this action.

## ARGUMENT

### THE ELEVENTH AMENDMENT BARS FEDERAL COURT INTERPLEADER ACTIONS AGAINST THE COMMONWEALTH

In pertinent part, the Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or in equity commenced or prosecuted against one of the United States by citizen of another State, or by Citizens or subjects of any Foreign State.

The United States Supreme Court has squarely held that the Eleventh Amendment applies to claims in a federal court interpleader action against a State. Cory v. White, 457 U.S. 85, 88 (1982); Worcester Country Trust Co. v. Riley, 302 U.S. 292 (1937). An action in interpleader is one in personam, not one in rem, Metropolitan Property and Cas. Ins. Co. v. Shan Trac Inc., 324 F.3d 20, 25 (1st Cir.2003), and thus the recent decision of the Supreme Court in Tennessee Student Assistance Corp. v. Hood, 124 S.Ct. 1906 (2004), concerning a discharge in bankruptcy does not defeat the application of the Eleventh Amendment here, as ruled by United States District Court Judge O'Toole in his recent decision in GMAC v. Jeffrey L. Bayko, Sr., supra. In that decision, in response to an argument by the

United States that interpleader actions are *in rem* or *quasi in rem* proceedings, Judge O'Toole stated that:

> the First Circuit has expressly held otherwise; " interpleader actions are *in personam*, not in rem," Metro Property and Cas Ins. Co. v. Shan Trac, Inc., 324 F.3d 20,25 (1st Cir.2003). The Supreme Court's decision in Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440 (2004) does not compel a different conclusion on the facts before me. That being the state of the law in this Circuit, I therefore adhere to the reasoning that led me to dismiss the Cape Ann Sav. Bank cases; Docket Nos. 02-10032-GAO and 02-10036-GAO, and the case of First Fed.Sav. Bank v. Ward, 03-10168-GAO. (Emphasis added) (See attached Order).

The Supreme Court has recognized only two circumstances in which an individual may sue a State in federal court. First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment. Second, a state may waive its sovereign immunity by consenting to suit. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-56 (1996). Neither circumstance is present here.

First, the Commonwealth has not waived its Eleventh Amendment immunity from

such a suit.[1] Nor has Congress abrogated the immunity of the States from a case such as this. Congress' intent to abrogate the States immunity from suit must be obvious from a clear legislative statement. In Seminole, supra, the Supreme Court stated that:

> . . . in Atscadero State Hospital v. Scanlan, 473 U.S. 234, 238-239, (1985) . . . (a) general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment. 473 U.S. at 246, 105 S. Ct. at 3149 – see also Blatchford v. Native Village of Noatak, 501 U.S. 775, 786, n.4 (1991), ("The fact that Congress grants jurisdiction to a claim does not suffice to show Congress has abrogated all defenses to that claim"). . . Rather as we said in Dellmuth v. Muth, 491 U.S. 223 (1989):
>
> To temper Congress' acknowledged powers of abrogation with due concern for the Eleventh Amendment's role as an essential component of our constitutional structure, we have applied a simple test: 'Congress may abrogate the State's constitutionally served secured immunity from suit in federal court, only by making its intentions unmistakably clear in the language of the statute. Id. at 227-228.

In this case there has been no express Congressional abrogation of the Commonwealth's Eleventh Amendment immunity in any federal statute, let alone a statute

---

[1] The United States, however, has waived its own sovereign immunity; as to both federal and state court interpleader actions, through the provisions of 28 U.S.C. § 2410.

28 U.S.C. § 2410(a) provides in pertinent part:

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter. (Emphasis added).

Thus, the United States may be named a party in any district court or in any appropriate state court pursuant to the express provision of section 2410.

providing for the enforcement of the provisions of the Fourteenth Amendment. See Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001).[2]

    As explained in the Introduction, above, in at least ten decisions by this Court it has been established that the Eleventh Amendment bars federal court interpleader jurisdiction over the Commonwealth in an interpleader action of this type. In particular, on August 12, 2002, this Court (O'Toole, D.J.) dismissed the cases of Cape Ann Savings Bank v. Walter Johnson, supra, in their entirety, stating that:

> The complicated procedural posture of this case has created the conflict that is the subject of the Commonwealth's motions to dismiss… The Commonwealth, finding itself in federal court as a defendant in an action prosecuted by a private party, invokes its Eleventh Amendment right not to be sued by private parties in federal court. .

---

[2] The case of EMC Mortgage Corporation v. Richard Stadelmann, Et Als., 127 F. Supp. 2d 249 (2000), involved a fact pattern similar to this case. The plaintiff, a private citizen, brought an interpleader action in federal court naming the Commonwealth of Massachusetts Department of Revenue and the United States Internal Revenue Service as defendants among others. The Commonwealth moved to dismiss the action on the basis of the Eleventh Amendment and the Court dismissed the Commonwealth, a copy of which decision is attached hereto, stating that:

> In opposing [the Massachusetts Department of Revenue's] Motion to Dismiss, Plaintiff argues that the "structural interplay" of certain U.S. Code sections suggests that Congress intended for suits involving federal tax liens to trump the Eleventh Amendment. Specifically, Plaintiff cites 26 U.S.C. § 7403, 28 U.S.C, § 2410 and 28 U.S.C. § 1444 in support of its argument. Plaintiff's reliance on these sections, however, is misplaced. These sections do not, explicitly or implicitly; discuss the abrogation of state's sovereign immunity in suits brought by private parties. The Supreme Court has ruled that "Congress may abrogate the States constitutionally secured immunity from suit in federal court, only by making its intention unmistakably clear in the language of the statute." Seminole Tribe of Florida v. Florida, 116 S. Ct. 1114, 1123 (1996) (citations omitted.) Plaintiff's argument to the contrary, the "structural interplay" of the various code sections cited by the Plaintiff does not rise to the required level of unmistakable clarity. There is, therefore, no basis for abrogation of state sovereign immunity in this case.

> The United States' [first] argument fails to surmount a hurdle erected by <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 56 (1996), where the Supreme Court explained that a congressional intent to abrogate a State's Eleventh Amendment sovereign immunity must be "unmistakably clear in the language of the statute." The [removal statutes] do not make that clear. The flaw in the United States' [second] argument is that the proposed analogies assume that the Commonwealth is subject only to claims by the United States. In the interpleader, however, there will also be claims by interested private parties, including a claim by Cape Ann to be released from any obligation to the Commonwealth beyond the payment of the surplus amount into court for appropriate disbursement.
>
> It must be concluded that the Commonwealth has properly invoked its Eleventh Amendment immunity. The motions to dismiss the Commonwealth as a party are granted. <u>In the absence of some accommodation, however, it appears, that the Commonwealth is an indispensable party, warranting dismissal of the cases in their entirety. The actions are DISMISSED</u>. (Emphasis added) (<u>See</u> pages 2 and 3 of the attached Order).

In addition, in his October 7, 2003 judgment in the case of <u>First Federal Savings Bank of America v. John P. Ward</u>, <u>supra</u>, United States District Court Judge O'Toole adhered to the reasons that led to his order dismissing the <u>Cape Ann Savings Bank</u> cases, stating that:

> I adhere to the reasons that led to my order dismissing the Cape Ann Savings Bank cases, Docket Nos. 02-10032-GAO and 02-10036-GAO. <u>It seems to me that the suggested solution - - to permit the Commonwealth to intervene or participate as amicus - - is simply to pressure the Commonwealth to do what it objects to doing (rightly under the Eleventh Amendment), that is, to participate in the adjudication of the claims in a federal court. If the Commonwealth is justified in invoking the Eleventh Amendment to opt out of federal adjudication of claims touching its interests, it is hardly an "accommodation" to the Commonwealth to say that it can participate if it wants to. The Commonwealth has already said it does not want to. To threaten</u>

> to adjudicate the claims without the Commonwealth, that is, to say that it may come out the loser unless it surrenders its sovereign immunity objection and "volunteers" to participate in some way, seems to me a way of coercing the Commonwealth out of its Eleventh Amendment right to resist adjudication of claims against it in a federal court. (Emphasis added) (See attached Order).

Also in his March 24, 2005 Judgment and Order in the case of GMAC Mortgage Corporation v. Jeffrey L. Bayko, Sr., supra, United States District Court Judge O'Toole followed the reasoning that led to his dismissal of the Cape Ann Savings Bank and First Federal Savings Bank cases stating that:

> When the United States exercises its right to remove the interpleader action from the state court pursuant to §1444, the course of litigation in the federal court is, as with any civil action, governed by the Federal Rules of Civil Procedure, including in particular Rule 22 (Interpleader) and Rule 19 (Joinder of Persons Needed for Just Adjudication). If it should be determined pursuant to Rule 19(b) that the absence of an indispensable party calls for dismissal of the case, it may be dismissed without any derogation from the removal right. The underlying reasons for the judgment that an absent party is indispensable and that the case should therefore be dismissed are not important. Here, the reason is the State's immunity from being sued in an *in personam* action in the federal court, but it could just as well be any other reason leading to the Rule 19(b) determination that dismissal of the entire action is necessary "in equity and good conscience. Fed.R.Civ.P.19 (b).
> And finally, since the decision to dismiss the entire action must entertain equitable considerations, I note that an important consideration in my decision is the availability of an alternate forum for the adjudication of this dispute where there is no constitutional or statutory impediment to joinder and participation of all interested parties to this particular dispute. That being the case, the choice to let the case be adjudicated in the federal forum without the Commonwealth's participation is the less attractive alternative, from equity's vantage. (Emphasis Added) (See attached Order).

This Court should follow this reasoning and result. Judge O'Toole dismissed the entire action upon dismissing the Commonwealth because of its Eleventh Amendment immunity from

-11-

suit in federal court because he found the Commonwealth to be an indispensable party. This ruling is well supported by precedent. "In determining whether a party is indispensable, a necessary party's immunity from suit is an important factor." 4 Moore's Federal Practice, § 19.05[2][c]. "Courts are reluctant to require the absentee to protect its own interest if intervention could result in the absentees waiving an immunity to suit." Id.; see Wichita and Affiliated Tribes of Okla. v. Hodel, 788 F.2d 765,776 (D.C.Cir. 1986) (ability to intervene did not mitigate the prejudice of proceeding in the absence of tribe; "It is wholly at odds with the policy of tribal immunity to put the tribe to this Hobson's choice between waiving its immunity or waiving its right not to have a case proceed without it."); id at 775 (If the opportunity to brief an issue as a non-party were enough to eliminate prejudice, non-joinder would never be a problem since the court could always allow the non-joinable party to file amicus briefs. Being a party to a suit carries with it significant advantages beyond the amicus' opportunities, not the least of which is the ability to appeal an adverse judgment."). Judge O'Toole's decision correctly recognizes the conclusive weight of sovereign immunity in the application of Rule 19(b) in cases of this type.

For these reasons, the Commonwealth moves the Court to dismiss this action in its entirety because the Eleventh Amendment to the United States Constitution bars this action against the Commonwealth in this Court and the Commonwealth is an indispensable party to this case pursuant to Rule 19 (b) of the Federal Rules of Civil Procedure. See GMAC Mortgage Corporation v. Jeffrey L. Bayko, Sr., First Federal Savings Bank of America v. Ward, and Cape Ann Savings Bank v. Johnson, as discussed above. If this action were to continue without the Commonwealth, the parties would proceed at their own peril because the state tax liens would

not necessarily be discharged, leaving both the plaintiff and any recipient of the interpleader funds potentially liable to the Commonwealth.  See M.G.L. c.62C, § 50, and c. 183, § 27. This Court dismissed GMAC Mortgage Corporation v. Jeffrey L. Bayko, Sr.; First Federal Savings Bank of America v. Ward and each of the Cape Ann Savings Bank v. Johnson, actions in their entirety on the grounds that the Commonwealth is an indispensable party to the interpleader. The Court should enter the same judgment here.

## CONCLUSION

For the reasons stated above, the Court should (1) dismiss the Commonwealth from this case on the basis of the Eleventh Amendment, and (2) dismiss the entire action because the Commonwealth is an indispensable party.

        **Respectfully submitted,**

        **ALAN LEBOVIDGE**
        **COMMISSIONER OF REVENUE**

        **By his attorneys,**
        **THOMAS F. REILLY**
        **MASSACHUSETTS ATTORNEY GENERAL**

          /s/EileenRyanMcAuliffe
        **KEVIN W. BROWN, GENERAL COUNSEL**
        **EILEEN RYAN MCAULIFFE, BBO# 435260**
        **Department of Revenue - Litigation Bureau**
        **100 Cambridge Street, P.O. Box 9565**
        **Boston, MA  02114-9565**
        **(617) 626-3217**

**Dated: August 9, 2005**
197035/ERM