**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HUDSON SAVINGS BANK, )<br>Plaintiff )<br>v. )<br> )<br>GEORGE C. AUSTIN, III, As Executor of the )<br>Estate of George Clifford Austin, Jr., a/k/a )<br>G. Clifford Austin, II, )<br> )<br>GEORGE C. AUSTIN, III, As Heir of George )<br>Clifford Austin, Jr., a/k/a G. Clifford Austin, II )<br> )<br>UNITED STATES OF AMERICA, and )<br> )<br>MASSACHUSETTS DEPARTMENT OF )<br>REVENUE, )<br>Defendants ) | CIVIL ACTION NO. 05-11604-GAO<br>(Formerly Middlesex County Superior<br>Court Civil Action No. 05-01231-G) |

## COMMONWEALTH OF MASSACHUSETTS COMMISSIONER OF REVENUE'S REPLY TO UNITED STATES OPPOSITION TO COMMONWEALTH'S MOTION TO DISMISS ENTIRE CASE

The Commonwealth of Massachusetts Commissioner of Revenue ("Commonwealth"), a defendant in the above-captioned action, files this memorandum in reply to the United States Opposition to the Commonwealth's Motion to Dismiss Entire Case ("Opposition"), which Opposition was filed on December 22, 2005.

## PROCEDURAL HISTORY

This is a civil action in interpleader in which plaintiff seeks an order determining, inter alia, the right of the Commonwealth of Massachusetts to a surplus fund resulting from a foreclosure of mortgage and sale of real estate by the plaintiffs. The action was commenced on or about April 8, 2005 in the Middlesex County Superior Court for the Commonwealth of Massachusetts and was removed to the United States District Court for the District of Massachusetts on or about

1

August 1, 2005 by the defendant, the United States of America (the "United States"), pursuant to

28 U.S.C. §§ 2410 and 1444.

On August 9, 2005, the Commonwealth filed a Motion to Dismiss the

Entire Case on the grounds that (1) the Eleventh Amendment to the Constitution of the United

States ("Eleventh Amendment") bars this action against the Commonwealth in this Court and

(2) the Commonwealth is an indispensable party to this action.

## DISCUSSION

### I.  THE ELEVENTH AMENDMENT BARS FEDERAL COURT INTERPLEADER ACTIONS AGAINST THE COMMONWEALTH

### A.  The Commonwealth's Sovereign Immunity Is Not Abrogated By The United States Removal Of This Action To Federal Court

The United States first argues that the federal court has subject matter jurisdiction upon

removal by the United States.    But whether the original jurisdiction of this Court is conferred by

(1) a federal question or (2) the presence of the United States as a party, such jurisdiction does

not negate the Eleventh Amendment immunity of the Commonwealth.  The Eleventh

Amendment bars a federal court interpleader action against the Commonwealth whether or not

this Court has original jurisdiction over the complaint, except in those cases in which the United

States asserts a claim against the State.  West Virginia v. United States, 479 U.S. 305, 311

(1987), and Horizon Bank & Trust Company v. Flaherty, 309 F.Supp.2d 178, 181-186

(D.Mass.2004), appeal dismissed as moot, 391 F.3d 98 (1st Cir. 2004).

Similarly, in Part II and Part III (B) of its Opposition, the United States argues that its right

to remove the action to this Court is absolute and does not implicate the Eleventh Amendment.

The Commonwealth does not contest the right of the United States to remove this action to

federal court pursuant to 28 U.S.C. §§ 2410 and 1444.  Rather the Commonwealth contests the

2

authority of the federal court, upon removal, to award relief in either the presence or absence of the Commonwealth.  The Commonwealth has not waived its Eleventh Amendment immunity from a suit, such as an interpleader, brought by a private party, whether or not the United States is a party in the suit.

The United States argues that the federal government's removal of a case in which a State is a party is analogous to the impleader of the State in the cases of Parks v. United States, 784 F.2d 20, 23-24 (1st Cir.1986), and Barrett v. United States, 853 F.2d 124, 126-130 (2d Cir. 1988), and is consistent with its right to join the Commonwealth as a defendant in an action originating in this Court.   While the United States cites no case law for this analogy, United States District Court Judge Robert E. Keeton addressed the same analogy by the United States in First Massachusetts Bank V. Kenneth L. Daoust,  214 F.Supp. 2d 79 (D. Mass 2002), a copy of which was attached to the Commonwealth's Memorandum in Support of the Motion to Dismiss Entire Case filed on August 9, 2005. Judge Keeton held that " the United States attempt to characterize removal and third-party impleaders as situations in which the United States brings the state into federal court, blurs a critical distinction."  214 F.Supp.2d at 83.  Judge Keeton further stated:

> In the removal situation, the Commonwealth continues to find itself defending against the private citizen who commenced the suit; in the impleader situation, the Commonwealth must defend itself, as a third-party defendant, only against the United States.  The fact that courts have held that the Eleventh Amendment does not apply in the latter situation cannot be used as justification for the contention that it should not apply in the former.  The United States contention that it can find no cases barring removal to federal court based on the presence of a state as co-defendant is therefore something of a red herring.  The question about whether removal is allowed in such a situation is a fundamentally separate issue from whether that removal, effectuated to allow the federal court to hear the federal tax lien claims, then overrides the Eleventh Amendment rights of the co-defendant state.  The United States right to removal does not and cannot preclude the Commonwealth from raising its assertion of Eleventh Amendment protection.  Id. at 83-84  (Emphasis added).

In Horizon Bank, Chief Judge Young agreed with the reasoning set forth in Daoust and stated

3

that the "United States' removal does not extinguish the Commonwealth's immunity from suit by a private party in federal court." Horizon Bank, 309 F.Supp.2d at 184.  This Court similarly rejected this argument by the United States in its March 24, 2005 decision in the case of GMAC v. Bayko, 2005 U.S.Dist.LEXIS 4626 dismissed as moot, No.05-1859 (1st Cir. December 8, 2005). (A copy of the December 8, 2005 decision by the First Circuit Court of Appeals, dismissing the appeal as moot but refusing to vacate the judgment of this Court, as requested by the United States, is attached hereto.) This Court determined in Bayko, that:

> When the United States exercises its right to remove the interpleader action from the state court pursuant to § 1444, the course of litigation in the federal court is, as with any civil action, governed by the Federal Rules of Civil Procedure, including in particular Rule 22 (Interpleader) and Rule 19 (Joinder of Persons Needed for Just Adjudication). If it should be determined pursuant to Rule 19(b) that the absence of an indispensable party calls for the dismissal of the case, it may be dismissed without any derogation of the removal right. The underlying reason for the judgment that an absent party is indispensable and that the case should therefore be dismissed are not important. Here, the reason is the State's immunity from being sued in an inpersonam action in the federal court, but it could just as well be any other reason leading to the Rule 19(b) determination that dismissal of the entire action is necessary "in equity and good conscience."Fed.R.Civ.P.19(b).

This Court should similarly reject this argument by the United States in this action.

## B.   The Commonwealth's Waiver Of Its Immunity For State Court Interpleader Actions Does Not Waive Its Immunity From Actions Removed To Federal Court.

In Part IV of its Opposition, the United States contends that "by waiving its sovereign immunity to be sued in interpleader actions [in state court], the Commonwealth's waiver is not limited solely to be sued in the Commonwealth's own courts", (United States Memorandum in Opposition, pages 14-16).   Thus, the United States argues a principle of derivative jurisdiction, citing Minnesota v. United States, 305 U.S.  382, 389 (1939), and Arizona v. Manypenny, 451 U.S. 232, 241 (1981).  As explained by Chief Judge Young in Horizon Bank, 309 F. Supp.2d at

4

186-189, both cases are distinguishable.  The issue in the <u>Minnesota</u> case concerned a petition for condemnation brought by the State of Minnesota, in state court, for construction of a highway over parcels of land held by the Chippewa Indian tribe pursuant to a treaty between the Chippewas and the United States and an Act of Congress granting the parcels of land to the Chippewas.   The United States removed the case to federal court with the consent of the State of Minnesota.  The United States then moved to dismiss on the grounds that it had not consented to the suit brought by the State and that the state court had no jurisdiction of the action or over the United States.  The Supreme Court found that "If Congress did not grant permission to bring this condemnation proceeding in a state court, the federal court was without jurisdiction upon its removal.  For jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none." The Supreme Court found that it had no occasion to consider the [issues] of substantive law, because the lower court had no jurisdiction of the suit and affirmed the decision of the Circuit Court of Appeals to dismiss a judgment by the district court granting the petition of the State for condemnation.

Similarly, in <u>Arizona v. Manypenny</u>, <u>supra</u>, the Supreme Court applied the principle of derivative jurisdiction.  The Court held that the State of Arizona could appeal from an adverse judgment in district court, after removal by the respondent from the state court, if statutory authority to seek such review is conferred by state law.  The Supreme Court decided that because Arizona law conferred such authority, removal did not alter the nature of authority conferred, <u>i.e.</u>, jurisdiction on removal "is a purely derivative form of jurisdiction, neither enlarging nor contracting the rights of the parties" <u>Id</u> at 240 and 241.  Arizona was accordingly allowed to appeal.

Rejecting the reliance by the United States in these cases, in his decision in <u>Horizon Bank</u>,

supra, Chief Judge Young stated:

> The United States argues that under <u>Manypenny</u>, "where . . . relevant state-court jurisdiction is found to exist and the question is whether the federal court in effect loses such jurisdiction as a result of removal," the answer is "no." Thus, the argument goes, if Massachusetts substantive law permits the Commonwealth's courts to adjudicate interpleader actions against the Commonwealth, a federal court can and must apply that substantive law upon removal, and the Commonwealth can no more assert its sovereign immunity here than it could in its own courts. The most obvious problem with this argument is that it proves far too much. The Supreme Court has made quite clear that a state may consent to suit in its own courts without extending that consent to federal courts. <u>See College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.</u>, 527 U.S. 666, 675-676 (1999). Yet, in virtually any class of cases for which the Commonwealth might consent solely to suit in its own courts, removal will be possible, and by the United States' argument, that possibility will transform consent to state court suit into consent to federal court suit. <u>College Savings Bank</u> and the cases it cites thus demonstrate that the United States' argument cannot be right . . .. <u>Manypenny</u> and <u>Minnesota</u> are more about choice of law than about judicial power . . .. In neither case was there any relevant federal jurisdictional bar. <u>Assuming removal is proper, there are exceptionally few cases where a state court could exercise personal jurisdiction and subject matter jurisdiction, but where upon removal, a federal court could not exercise them. Eleventh Amendment cases like this one, however, are among those few.</u> <u>Id</u> at 186-189 (Emphasis added.)

The Eleventh Amendment was not an issue before the Supreme Court in <u>Manypenny</u> and <u>Minnesota</u>. Whatever federal jurisdiction is "derived" upon the removal of a state court action, an action brought by a private party against a State triggers the protection of the Eleventh Amendment. The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to <u>any </u>suit in law or equity <u>commenced or prosecuted</u> against one of the United States by citizens of another state . . ." The Eleventh Amendment does not distinguish between suits originating in or removed to federal court: <u>any</u> suit in law or equity by a private party is barred from being commenced or prosecuted.

This action was not "commenced" by the United States but by a private corporation, Hudson Savings Bank. While the United States has the absolute right to remove this action to

federal court, pursuant to 28 U.S.C. §§ 2410 and 1444, its removal does not extinguish the

Eleventh Amendment immunity of the Commonwealth from suit by a private party in federal

court.   See National Private Trucking Council v. Oklahoma State Tax Commission, 515 U.S.

582 (1995),  ("We have long recognized that principles of federalism and comity generally

counsel that courts should adopt a hands-off approach with respect to state tax administration. It

is upon taxation that the several States chiefly rely to obtain the means to carry on their

respective governments, and it is of the utmost importance to all of them that the modes adopted

to enforce the taxes levied should be interfered with as little as possible.")

Finally, the argument of the United States, that the statutory waiver of the

Commonwealth's immunity from interpleader actions in state court constitutes a waiver of

Eleventh Amendment immunity as well, has been rejected by the Massachusetts Supreme

Judicial Court.  The United States District Court for the District of Massachusetts and the

Supreme Judicial Court has held that a waiver of sovereign immunity in state court is not a

waiver of Eleventh Amendment immunity.  See Horizon Bank, 309 F.Supp.2nd at 186, Irwin v.

Ware, 392 Mass. 745, 768, 467 N.E.2d 1292 (1984) (waiver of sovereign immunity in

Massachusetts Tort Claims Act, M.G.L.C.258, does not constitute waiver of Eleventh

Amendment immunity).

## II.  AN ACTION IN INTERPLEADER IS ONE IN PERSONAM

In Part III (A) of its Opposition, the United States argues that an interpleader action is an

action "in rem" that is beyond the scope of Eleventh Amendment protection.  Relying on

Tennessee Student Assistance Corp. v. Hood, 124 S.Ct. 1905 (2004), which concerned a

discharge in bankruptcy, the United States asserts that this action in interpleader, "is so closely

analogous to such a [bankruptcy] proceeding that the same result should be reached" as in Hood.

This Court should reject these arguments, as it did in the case of GMAC v, Bayko, 04-12448-

GAO (D.Mass. March 24, 2005), dismissed as moot, 05-1859(1st Cir. December 8, 2005).
However, the First Circuit, in its December 8, 2005 Judgment in Bayko, while dismissing the
appeal as moot, did not allow the motion of the United States to vacate the Order of this Court in
the Bayko case. The First Circuit found "the request for vacatur [to be] a gesture of limited utility
given the many District of Massachusetts decisions rejecting the position taken by the United
States." In his March 24, 2005 Order, Judge O'Toole determined that:

> It may well be that interpleader actions such as this should more
> appropriately be thought of as in rem or quasi in rem proceedings, but the
> First Circuit has expressly held otherwise; "Interpleader actions are in
> personam, not in rem, Metro. Property and Cas. Ins. Co. v. Shan Trac.
> Inc., 324 F.3rd 20,25 (1st Cir.2003). The Supreme Court's decision in
> Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440 (2004) does
> not compel a different conclusion on the facts before me.

This Court should, therefore, continue to reject the argument of the United States that an
interpleader action is an action "in rem" that is beyond the scope of eleventh Amendment
protection because (1) the First Circuit has already stated that an interpleader is one in personam,
not one in rem, and (2) the interpleader at issue differs in material ways from the discharge in
bankruptcy in Hood.

The First Circuit stated in Metropolitan Property and Cas. Ins. Co. v. Shan Trac, Inc.,
324 F.3d 20 (1st Cir. 2003), that an action in interpleader is one in personam, not one in rem.
In Metropolitan, an automobile insurer filed an interpleader under 28 U.S.C. § 1335 naming
persons injured in an accident involving its insured and seeking a release from liability beyond
its policy limits. The First Circuit affirmed the judgment of the district court in part but vacated
language purporting to bind nonparties. The court stated that "[i]nterpleader actions are in
personam, not in rem, see New York Life Ins. Co. v. Dunlevy, 241 U.S. 518, 521 (1916), and
cannot resolve the rights of non-parties to anything." Metropolitan, 324 F.3d at 25.  While the
courts of appeals are not uniform in deeming an interpleader an action in personam, and the

8

United States seeks to distinguish or dismiss the Dunlevy decision, Metropolitan and Dunlevy remain the governing law in this circuit and should be applied in this case. See MaineGeneral Medical Center v. Shalala, 205 F.3d 493, 497 (1st Cir. 2000) ("panels are, for the most part, bound by prior panel decisions closely on point").

The Supreme Court, while not characterizing the action before it as in personam or in rem, has held that the Eleventh Amendment applies to an interpleader brought to decide the competing tax claims of two States against an individual estate. Cory v. White, 457 U.S. 88 (1982). The United States argues that Cory is distinguishable because the plaintiff there sought "injunctive relief against the State" to restrain it "from applying" state law, while the case here, in contrast, is allegedly a "straightforward, post-foreclosure interpleader case." U.S. Opposition at 10 n.9. But the judgment sought by the stakeholder here is no different in kind or effect from the relief sought in Cory. Like the relief in Cory, the judgment sought here would bar the Commonwealth from any future effort to collect the state tax owed. Whether that bar takes the form of an injunction against collection or a declaration that the Commonwealth is not entitled to collect, it is the type of coercive judicial action that implicates the sovereign immunity of the States. Worcester County Trust Co. v. Riley, 302 U.S. 292, 296 (1937) (interpleader against Commonwealth barred by Eleventh Amendment; suit against state officials restraining or "otherwise affecting their actions as state officers" implicates sovereign immunity; see also American Airlines v. Block, 905 F.2d 12, 14 (2d Cir. 1990) ("interpleader is an equitable remedy").

Even if Metropolitan, Dunlevy, and Cory do not control the point raised by the United States here, the Court should not rely on Hood to deem this action one in rem. Hood is fundamentally premised on the "long-standing precedent" that "States, whether or not they choose to participate in the proceeding, are bound by a bankruptcy court's discharge order no less

than other creditors." 124 S.Ct. at 1911.   An interpleader action does not invoke that precedent.

The specific adversary proceeding addressed in <u>Hood</u> was held by the Court to more resemble a

motion under the bankruptcy rules than a traditional civil action.  This interpleader action, in

contrast, resembles a civil action in the way that it hales the Commonwealth into court.

Furthermore, in <u>Hood</u> the Supreme Court linked in rem jurisdiction in bankruptcy to in rem

jurisdiction in admiralty, stating that "the States' sovereign immunity [does] not prohibit in rem

admiralty actions in which the State did not possess the res," and that "the discharge of a debt by

a bankruptcy court is similarly an in rem proceeding." 124 S.Ct. at 1910. The Supreme Court did

not imply that this analogy might be extended to defeat the immunity of a State whenever the

State is not in possession of a res, as in an interpleader action. Instead, the Supreme Court

indicated that even in rem jurisdiction in bankruptcy was subject to limitation: "Nor do we hold

that every exercise of a bankruptcy court's in rem jurisdiction will not offend the sovereignty of

the State." 124 S. Ct. at 1913 n.5. [1]

　　　　Finally, <u>Hood</u> is distinguishable from the interpleader in this case in other material ways.

Unlike a bankruptcy court, the interpleader court does not "have exclusive jurisdiction" over any

person's "property, wherever located."   <u>Hood</u>, 124 S.Ct. at 1910. An interpleader complaint is

not always filed by a debtor or creditor. A stakeholder-plaintiff is under no obligation to list any

other assets or all of the potential creditors to the surplus fund. The complaint does not

---

[1] In addition, the United States Court of Appeals for the Eleventh Circuit in <u>Georgia Higher Education Assistance Corporation v. Thomas Crowe,Et Als.</u>, 394 F.3d 918, 921-22 (11th Cir. December 23, 2004) a copy of which decision is attached hereto, recently applied the Supreme Court's decision in <u>Hood</u>, to two claims brought by a debtor in bankruptcy against the state of Georgia.  The Eleventh Circuit stated  "The {Supreme}Court [in Hood] reasoned that a court's jurisdiction over a discharge of debt in bankruptcy is derived from its jurisdiction over the debtor's property, and that exercise of such in rem jurisdiction does not infringe state sovereignty." <u>Id</u> at 1913.   Where the scope of in rem jurisdiction in bankruptcy has thus been thus limited, this Court should decline the invitation of the United States to expand the scope of in rem jurisdiction to a wholly unrelated context; rather, it should apply <u>Metropolitan</u>, <u>Dunlevy</u>, and <u>Cory</u> and hold that an action in interpleader is one in personam.

"constitute an order for relief." Id.  The only creditors notified of the proceeding are those who are served with process as defendants under the civil rules. The jurisdiction of the District Court is not "premised on the debtor and his estate" but rather on its process over the creditors named as defendants.  The interpleader court lacks jurisdiction to "determine all claims that anyone, whether named in the action or not, has to the property or thing in question," because the proceeding is not "one against the world." Id. at 1911; Metropolitan, 324 F.3d at 25. For these reasons, Hood is distinguishable and sovereign immunity applies to the interpleader at issue here.

## III.   THIS COURT CORRECTLY DISMISSED SIMILAR CASES IN THEIR ENTIRETIES.

The United States in Part V of its Opposition, argues that the recent decisions of this Court (O'Toole, J.) barring federal court jurisdiction over the Commonwealth in interpleader actions involving the United States were wrongly decided (United States Memorandum In Opposition, Page 18).

The United States in its Memorandum In Opposition cites the decision in Horizon Bank, supra.   In Horizon Bank, Chief Judge Young found that the Commonwealth was not an indispensable party and denied the Commonwealth's motion to dismiss the entire case. The Commonwealth disagrees with this aspect of Judge Young's decision. The District Court, in Horizon Bank, should have ruled (1) when a District Court determines whether a State is an indispensable party to an interpleader action in federal court, it must give controlling weight to the fact that full joinder of the parties is not feasible due to its sovereign immunity, or (2) even upon a balancing of the factors set forth in Fed.R.Civ.P.19 (b), the Commonwealth is an indispensable party to any action of interpleader in federal court in which the Commonwealth makes a claim for state taxes and it is immune from an adjudication of its claim relative to the claims of the private parties. "In determining whether a party is indispensable, a necessary

party's immunity from suit is an important factor." 4 Moore's Federal Practice § 19.05{2}{c}.

"Courts are reluctant to require the absentee to protect its own interest if intervention would

result in the absentee's waiving an immunity to suit." Id. "In such a case, the court may well

conclude that the action should be dismissed." Id.; see Wichita and Affiliated Tribes of

Oklahoma v. Hodel,788 F.2d 765, 766 (D.C. Cir. 1986) (ability to intervene did not mitigate the

prejudice of proceeding in the absence of tribe; "It is wholly at odds with the policy of tribal

immunity to put the tribe to this Hobson's choice between waiving its immunity or waiving its

right to not have a case proceed without it."); id. at 775 (if the opportunity to brief an issue as a

non-arty were enough to eliminate prejudice, non-joinder would never be a problem since the

court could always allow the non-joinable party to file amicus briefs.  Being a party to a suit

carries with it significant advantage beyond the amicus' opportunities, not the least of which is

the ability to appeal an adverse judgment."); First Federal Savings, No. 03-10168-GAO (D.

Mass. Oct.6.2003) ("{T}o permit the Commonwealth to intervene or participate as amicus_ is

simply to pressure the Commonwealth to do what it objects to doing (rightly under the Eleventh

Amendment), that is, to participate in the adjudication of claims in a federal court.").  In his

Amended Judgment in Horizon Bank, Chief Judge Young, in discussing this Court's decision in

First Federal Savings, stated that "there is much to be said for this reasoning", see Horizon Bank,

309 F.Supp.2d at 192.  This Court dismissed each of the Cape Ann actions as well as the First

Federal Savings Bank action and the Bayko action, in their entirety on the grounds that the

Commonwealth is an indispensable party to the interpleader and it should enter the same

judgment here.[2]

---

[2] The recent cycle of removal and dismissal reflected in the recurrence of this issue in numerous cases
before the United States District Court for the District of Massachusetts is especially troubling in light of
the fact that, for many years, the United States acquiesced in the adjudication of interpleader actions in
Massachusetts state courts and received distributions of interpleader funds from state courts. The United
States has by the express provisions of 28 U.S.C. § 2410, waived its immunity in both federal and state

# CONCLUSION

For the reasons stated above, and those in the Commonwealth's Motion to Dismiss Entire Case and the Memorandum in Support of the Motion, the Commonwealth requests that the Court dismiss the Commonwealth from this case on the basis of the Eleventh Amendment. In addition, the Court should dismiss the entire action, due to the absence of the Commonwealth as an indispensable party.

ALAN L. LEBOVIDGE
COMMISSIONER OF REVENE

By his attorneys,

THOMAS F. REILLY
MASSACHUSETTS ATTORNEY GENERAL


/s/ Eileen Ryan McAuliffe
Kevin W. Brown, General Counsel
Eileen Ryan McAuliffe (BBO# 435260)
Department of Revenue
Litigation Bureau - P.O. Box 9565
100 Cambridge Street
Boston, MA  02114-9565
(617) 626-3217


DATED: January 18, 2006
205215/ERM

---

court interpleader actions.  See the attached copy of the Joint Motion for Release of Funds filed on March 11, 1998, pursuant to a February 11, 1998 Judgment After Rescript, (copy is also attached hereto,) which judgment was entered by the Massachusetts Appeals Court after an appeal from the Massachusetts Superior Court decision in the case of Hayes v. Woods, Suffolk Superior Court, C.A. No. 93-00977D. The Docket History of that case, a copy of which is attached hereto, reflects a May 26, 1994 state court distribution to the United States, a defendant in the matter.  Also attached hereto is a copy of the July 5, 1989 Memorandum of Decision and Order in the matter of Guaranty First Trust Bank v. Praught, Middlesex Superior Court C.A. No. 87-4722. which also reflects a distribution to the United States by the state court.  See also Heritage Bank for Savings v. Doran, 399 Mass. 855, 507 N.E. 2d 690 (1987) and Everett Credit Union v Allied_Ambulance Services, Inc., 12 Mass.App.Ct. 343, 424 N.E. 2d 1142 (1981).



ALAN LEBOVIDGE
COMMISSIONER

KEVIN W. BROWN
GENERAL COUNSEL

*The Commonwealth of Massachusetts*
*Department of Revenue*
*Legal Division —Litigation Bureau*
*P.O. Box 9565*
*100 Cambridge Street*
*Boston, Massachusetts  02114-9565*

January 18, 2006

Mr. Tony Anastas, Clerk
U.S. District Court
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:    Hudson Savings Bank v. George C. Austin, III, Et Als.,
       U.S. District Court C.A. No. 05-11604-GAO

Dear Mr. Anastas:

Enclosed please find the Defendant, the Commonwealth of Massachusetts Commissioner of Revenue ("Commonwealth's") Reply to the United States Opposition to the Commonwealth's Motion to Dismiss Entire Case ("Reply") for filing in the above-referenced action.

Copies of these documents have been served on the parties listed on the Certificate of Service attached hereto.

Thank you for you assistance.

Sincerely,

/s/ Eileen Ryan McAuliffe
Eileen Ryan McAuliffe
Counsel to the Commissioner
(617) 626-3217

Enclosure

205215/ERM

14

**CERTIFICATE OF SERVICE**

      I, Eileen Ryan McAuliffe, hereby certify that I have served copies of the within Commonwealth of Massachusetts Commissioner of Revenue's Reply to the United States Opposition to the Commonwealth's Motion To Dismiss Entire Case on the following parties by first class U.S. mail postage prepaid:

Daniel J. Burger, Esq.
Law Offices of Joseph J. Connolly
74 Main Street
Marlborough, MA 01745

George C. Austin, III
24 Bolton Street
Marlborough, Massachusetts 01752

Lydia Bottome Turanchik
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Barbara Healy Smith
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02110

                             /s/ Eileen Ryan McAuliffe
                             Eileen Ryan McAuliffe

Dated: January 18, 2006
205215/ERM

15