Source: Legal > Federal Legal - U.S. > Circuit Court Cases - By Circuit > 11th Circuit - US Court of Appeals Cases 🗓
Terms: (crow) and date is 12/2004  (Edit Search)

*2004 U.S. App. LEXIS 26872, \*; 18 Fla. L. Weekly Fed. C 116*

IN RE: THOMAS **CROW**, JENNIFER **CROW**, Debtors. GEORGIA HIGHER EDUCATION ASSISTANCE CORP., GEORGIA STUDENT FINANCE COMMISSION, Plaintiffs-Appellants, versus THOMAS A. **CROW**, JENNIFER **CROW**, Defendants-Appellees.

No. 04-10369

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

2004 U.S. App. LEXIS 26872; 18 Fla. L. Weekly Fed. C 116

**December** 23, 2004, Decided
**December** 23, 2004, Filed

**PRIOR HISTORY: [\*1]** Appeal from the United States District Court for the Southern District of Georgia. D. C. Docket No. 03-00136-CV-11 & BKCY No. 02-13181 BKC-JS.

**DISPOSITION:** Affirmed in part, vacated in part and remanded.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendants, two state agencies, appealed a judgment of the United States District Court for the Southern District of Georgia, which affirmed a bankruptcy court's denial of the agencies' motion to dismiss in plaintiff debtors' adversary proceedings brought against the agencies pursuant to the debtors' filing of a Chapter 7 petition for bankruptcy relief. The bankruptcy court had dismissed a third claim of the debtors.

**OVERVIEW:** The debtors claimed that student loan obligations were dischargeable and sought damages because of the agencies' attempt to collect in violation of the automatic stay of 11 U.S.C.S. § 362(a). The district court held that the adversary proceedings were not barred by the Eleventh Amendment. On appeal, the court held that the dismissal of the claim that the loans were dischargeable was properly denied based on a prior case of the United States Supreme Court, which held that the seeking of discharge was an in rem proceeding that did not implicate the Eleventh Amendment. The court reversed as to the automatic stay claim after finding that Congress' attempt under 11 U.S.C.S. § 106(a) to abrogate Eleventh Amendment immunity in proceedings under 11 U.S.C.S. § 362 was an unconstitutional overreaching of its bankruptcy clause powers under U.S. Const. art. I, § 8, cl. 4. The bankruptcy court had no authority to entertain the in personam claim against the agencies absent sovereign consent. The court found that the provision could not be validated under U.S. Const. amend XIV, § 5 because Congress could not legislatively elevate bankruptcy to the constitutional status of a privilege or immunity.

**OUTCOME:** The court affirmed the district court's judgment as to the discharge claim and vacated the judgment as to the automatic stay claim. The court remanded with instructions for the district court to vacate the bankruptcy court's judgment entered in the automatic stay claim and to dismiss the claim.

**CORE TERMS:** immunity, abrogate, sovereign immunity, motion to dismiss, validly, state agencies, adversary proceeding, abrogation, abrogated, purported, asserting, enacting, bankruptcy proceedings, statutory right, bankruptcy law, valid exercise, state agency,

student loan, implicate, authorize, personam, remedial, invalid

## LexisNexis(R) Headnotes ✦ Hide Headnotes

Bankruptcy Law > Creditor Claims & Objections > Governmental Claims > Sovereign Immunity 🔒
Bankruptcy Law > Discharge 🔒
Bankruptcy Law > Practice & Proceedings > Adversary Proceedings 🔒
Bankruptcy Law > Practice & Proceedings > Jurisdiction 🔒
Civil Procedure > State & Federal Interrelationships > Amendment 11 🔒

HN1⬆ Despite the fact that current bankruptcy rules require a debtor to file an "adversary
proceeding" against and serve a state agency to discharge student loan debt, such
a proceeding does not implicate the Eleventh Amendment. A court's jurisdiction
over a discharge of debt in bankruptcy is derived from its jurisdiction over the
debtor's property, and that exercise of such in rem jurisdiction does not infringe
state sovereignty. More Like This Headnote

Bankruptcy Law > Creditor Claims & Objections > Governmental Claims > Sovereign Immunity 🔒
Bankruptcy Law > Practice & Proceedings > Adversary Proceedings 🔒
Bankruptcy Law > Practice & Proceedings > Jurisdiction 🔒

HN2⬆ Where a debtor's claim seeks affirmative relief from the state through a coercive
judicial process, the bankruptcy court's jurisdiction over it is premised on the
persona of the state, not on the res of the debtor's property. More Like This Headnote

Bankruptcy Law > Creditor Claims & Objections > Governmental Claims > Sovereign Immunity 🔒
Bankruptcy Law > Practice & Proceedings > Adversary Proceedings 🔒
Civil Procedure > State & Federal Interrelationships > Amendment 11 🔒
Constitutional Law > State Autonomy 🔒

HN3⬆ The United States Court of Appeals for the Eleventh Circuit has joined with five of
the six circuits in holding that 11 U.S.C.S. § 106(a)'s purported abrogation of
Eleventh Amendment immunity in bankruptcy proceedings, which is clear and
specific, is nonetheless invalid. More Like This Headnote

Bankruptcy Law > Automatic Stay 🔒
Bankruptcy Law > Creditor Claims & Objections > Governmental Claims > Sovereign Immunity 🔒
Civil Procedure > State & Federal Interrelationships > Amendment 11 🔒
Constitutional Law > State Autonomy 🔒
Governments > State & Territorial Governments > Claims By & Against 🔒

HN4⬆ The federal courts, including the bankruptcy courts, have no authority to entertain
a claim under 11 U.S.C.S. § 362 claim against state agencies absent that
sovereign's consent. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Amendment 11 🔒
Constitutional Law > State Autonomy 🔒
Governments > State & Territorial Governments > Claims By & Against 🔒
HN5⬆ See U.S. Const. amend XI.

Civil Procedure > State & Federal Interrelationships > Amendment 11 🔒
Constitutional Law > State Autonomy 🔒
Governments > State & Territorial Governments > Claims By & Against 🔒
HN6⬆ Under U.S. Const. amend XI, a state is immune from suit by private parties in
federal court absent a valid abrogation of its immunity by Congress or an express
waiver by the state. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Amendment 11 🔗
Constitutional Law > State Autonomy 🔗
*HN7*± Congress successfully abrogates a state's Eleventh Amendment immunity only
        where two requirements are met. Congress must unequivocally express an intent
        to abrogate state immunity, and its legislative action must be pursuant to a valid
        exercise of power. Congress' intent to abrogate the States' immunity from suit
        must be obvious from 'a clear legislative statement.  More Like This Headnote


Constitutional Law > Congressional Duties & Powers > Bankruptcy Clause 🔗
*HN8*± See U.S. Const. art. I, § 8, cl. 4.


Civil Procedure > State & Federal Interrelationships > Amendment 11 🔗
Constitutional Law > Congressional Duties & Powers > Bankruptcy Clause 🔗
Constitutional Law > State Autonomy 🔗
*HN9*± Congress may not abrogate state sovereign immunity by legislation passed
        pursuant to its bankruptcy powers under U.S. Const. art. I, § 8, cl.
        4.  More Like This Headnote


Civil Procedure > State & Federal Interrelationships > Amendment 11 🔗
Constitutional Law > State Autonomy 🔗
Constitutional Law > The Judiciary > Congressional Limits 🔗
*HN10*± The Eleventh Amendment restricts the judicial power under Article III, and Article
        I cannot be used to circumvent the constitutional limitations placed upon federal
        jurisdiction.  More Like This Headnote


Constitutional Law > Substantive Due Process > Privileges & Immunities 🔗
Constitutional Law > Substantive Due Process > Scope of Protection 🔗
*HN11*± See U.S. Const. amend. XIV, § 5.


Constitutional Law > Substantive Due Process > Privileges & Immunities 🔗
Constitutional Law > Substantive Due Process > Scope of Protection 🔗
*HN12*± U.S. Const. amend. XIV, § 5 is a positive grant of legislative power authorizing
        Congress to exercise its discretion in determining whether and what legislation is
        needed to secure the guarantees of the Fourteenth Amendment. However,
        Congress may pass only "appropriate" legislation under § 5, and must exercise its
        power in a "remedial" manner. Any suggestion that Congress has a substantive,
        non-remedial power under the Fourteenth Amendment is not supported by
        Supreme Court case law.  More Like This Headnote


Constitutional Law > Substantive Due Process > Privileges & Immunities 🔗
Constitutional Law > Substantive Due Process > Scope of Protection 🔗
Governments > Legislation > Interpretation 🔗
*HN13*± Courts should not quickly attribute to Congress an unstated intent to act under its
        authority to enforce the Fourteenth Amendment. Although it need not recite the
        words "§ 5" or "Fourteenth Amendment" to enact laws pursuant to U.S. Const.
        amend. XIV, § 5, to invoke § 5, Congress must identify conduct transgressing the
        Fourteenth Amendment's substantive provisions, and must tailor its legislative
        scheme to remedying or preventing such conduct.  More Like This Headnote


Constitutional Law > Substantive Due Process > Privileges & Immunities 🔗
Constitutional Law > Substantive Due Process > Scope of Protection 🔗

Case 1:05-cv-11604-GAO    Document 16    Filed 01/20/2006    Page 4 of 9
Page 4 of 9
Search - 1 Result - (crow) and date is 12/2004

Governments > Legislation > Interpretation 🔲

*HN14* A federal court will not presume that Congress intended to enact a law under a general Fourteenth Amendment power to remedy an unspecified violation of rights when a specific, substantive Article I power clearly enabled the law. More Like This Headnote

Bankruptcy Law > Creditor Claims & Objections > Governmental Claims > Sovereign Immunity 🔲
Bankruptcy Law > Discharge 🔲
Constitutional Law > Substantive Due Process > Privileges & Immunities 🔲

*HN15* Even if Congress has purported to pass 11 U.S.C.S. § 106(a) pursuant to its power under U.S. Const. amend XIV, § 5, it can not validly do so because conferring a statutory right to bankruptcy does not enforce the Privileges & Immunities Clause of the Fourteenth Amendment. The United States Supreme Court has expressly held that there is no constitutional right to a bankruptcy discharge, and § 5 does not authorize Congress to create new constitutional rights, It follows that Congress can not legislatively elevate bankruptcy to the constitutional status of a privilege or immunity. In addition, bankruptcy bears no resemblance to any of the rights the Supreme Court has defined as privileges and immunities. More Like This Headnote

Bankruptcy Law > Creditor Claims & Objections > Governmental Claims > Sovereign Immunity 🔲
Civil Procedure > State & Federal Interrelationships > Amendment 11 🔲
Constitutional Law > State Autonomy 🔲
Constitutional Law > Substantive Due Process > Privileges & Immunities 🔲

*HN16* Because Congress may not abrogate state sovereign immunity pursuant to its powers under U.S. Const. art. I, its Bankruptcy Clause powers, and because 11 U.S.C.S. § 106(a) has not been validly enacted pursuant to its powers under U.S. Const. amend. XIV, § 5, Congress' attempt to take from states in in personam bankruptcy cases the protection that the Eleventh Amendment provides them is invalid. More Like This Headnote

**COUNSEL:** For Georgia Higher Education Assistance Corp., Georgia Student Finance Commission, Appellants: Oscar B. Fears, III., Office of the State of Georgia Attorney General, Atlanta, GA

For Thomas A. **Crow,** Jennifer **Crow,** Appellees: Todd Boudreaux Shepard, Plunkett, Hamilton, Boudreaux & Tisdale, LLP, Evans, GA.

**JUDGES:** Before ANDERSON and WILSON, Circuit Judges, and JORDAN *, District Judge.

* Honorable Adalberto Jordan, United States District Judge for the Southern District of Florida, sitting by designation.

**OPINION:**

PER CURIAM:

This appeal requires us to apply the Supreme Court's recent decision in Tennessee Student Assistance Corporation v. Hood, 541 U.S. 440, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004), to two claims brought by a debtor in bankruptcy against two agencies of the State of Georgia. Although Hood disposes of the first of those claims, it does not affect the second one. As to that claim we must decide whether Congress' attempt in 11 U.S.C. § 106(a) to abrogate states' Eleventh Amendment immunity is valid. For the reasons that follow, we believe that it

is not.

Thomas and Jennifer **Crow** filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. In the course of the proceeding, they filed a complaint in the bankruptcy court against the Georgia Higher Education **[*2]** Assistance Corporation and the Georgia Student Finance Commission, two state agencies. The complaint contained three counts. Count one sought a determination that Thomas **Crow's** outstanding student loan obligations to these two state agencies were dischargeable. Count two sought damages from the agencies for their attempts to collect from the **Crows** after receiving notice of the Chapter 7 filing. Count three sought damages from them for their alleged violation of the Fair Debt Collection Practices Act.

The defendant state agencies filed a motion to dismiss, asserting that the adversary proceeding was barred by their Eleventh Amendment immunity. The bankruptcy court granted the motion as to count three, but denied it as to the first two counts after concluding that in 11 U.S.C. § 106(a) Congress had validly abrogated state sovereign immunity as expressed in the Eleventh Amendment. The agencies appealed the bankruptcy court's denial of their motion to dismiss to the district court, which affirmed. The agencies then appealed to us, asserting the Eleventh Amendment as a bar to the adversary proceeding.

In the meantime, the Supreme Court issued its decision in **[*3]** Tennessee Student Assistance Corporation v. Hood, 541 U.S. 440, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004). In that case Pamela Hood instituted a Chapter 7 proceeding during which she filed and served a complaint in the bankruptcy court against the Tennessee Student Assistance Corporation, a state agency. Id. at ___, 124 S. Ct. at 1908-09. Her complaint sought discharge of her student loans. Id. The agency filed a motion to dismiss asserting Eleventh Amendment immunity. Id. at ___, 124 S. Ct. at 1909. The motion was denied, and the denial was affirmed by the Sixth Circuit. 319 F.3d 755, 767-68 (6th Cir. 2003).

The Supreme Court affirmed, but it did so without reaching the issue of whether the Bankruptcy Clause of the Constitution authorizes Congress to abrogate the Eleventh Amendment immunity of states. Instead, the Supreme Court held that, *HN1* despite the fact that current bankruptcy rules require a debtor to file an "adversary proceeding" against and serve a state agency to discharge student loan debt, such a proceeding does not implicate the Eleventh Amendment. Hood, 541 U.S. at ___, 124 S. Ct. at 1909-15. **[*4]** The Court reasoned that a court's jurisdiction over a discharge of debt in bankruptcy is derived from its jurisdiction over the debtor's property, and that exercise of such in rem jurisdiction does not infringe state sovereignty. Id. at ___, 124 S. Ct. at 1911-13.

Hood is all we need to know in order to resolve the issue involving the denial of the motion to dismiss count one in this case, the count that sought discharge of the debt. Under Hood, the Eleventh Amendment is not implicated, and we therefore affirm the denial of the motion to dismiss that count.

The denial of the motion to dismiss count two, however, raises issues that go beyond the Hood decision. Count two sought a declaration that the defendant state agencies had violated 11 U.S.C. § 362(a) by trying to collect on **Crow's** debts, and monetary damages pursuant to § 362(h) for that violation. *HN2* Because count two seeks affirmative relief from the state through a coercive judicial process, the bankruptcy court's jurisdiction over it is premised on the persona of the state, not on the res of the debtor's property. See Hood, 541 U.S. at ___, 124 S. Ct. at 1912. **[*5]** Because jurisdiction is in personam, Eleventh Amendment concerns are not obviated by Hood. As a result, we must determine whether Congress' attempt in 11 U.S.C. § 106(a) to abrogate Eleventh Amendment immunity in proceedings brought pursuant to § 362 is constitutional.

For reasons we will explain, today $^{HN3}$⟳we join five of the six circuits that have considered the issue in holding that § 106(a)'s purported abrogation of Eleventh Amendment immunity in bankruptcy proceedings, which is clear and specific, is nonetheless invalid in light of the Supreme Court's decision in Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). See Nelson v. La Crosse County Dist. Attorney, 301 F.3d 820, 832 (7th Cir. 2002); Mitchell v. Franchise Tax Bd., 209 F.3d 1111, 1121 (9th Cir. 2000); Sacred Heart Hosp. of Norristown v. Pennsylvania, 133 F.3d 237, 243 (3d Cir. 1998); Dep't of Transp. & Dev. v. PNL Asset Mgmt. Co., 123 F.3d 241, 243 (5th Cir. 1997), amended by 130 F.3d 1138, 1139 (5th Cir. 1997); Schlossberg v. Maryland, 119 F.3d 1140, 1145-47 (4th Cir. 1997). **[*6]** n1 But see Hood v. Tenn. Student Assistance Corp., 319 F.3d 755, 767-68 (6th Cir. 2003), affirmed on other grounds, 541 U.S. 440, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004). It follows that $^{HN4}$⟳the federal courts, including the bankruptcy courts, have no authority to entertain a § 362 claim against two agencies of the State of Georgia absent that sovereign's consent, see Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464, 65 S. Ct. 347, 351, 89 L. Ed. 389 (1945), overruled on other grounds, 535 U.S. 613, 623, 122 S. Ct. 1640, 1646, 152 L. Ed. 2d 806 (2002), and it has not consented.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 Though many of those decisions decided this issue in the context of an adversary proceeding to discharge debt - which Hood has since informed us does not implicate the Eleventh Amendment - the reasoning is nonetheless persuasive on the overarching question of whether Congress may abrogate Eleventh Amendment immunity in bankruptcy proceedings.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The Eleventh Amendment **[*7]** provides:

> $^{HN5}$⟳The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. $^{HN6}$⟳Under this constitutional provision, a state is immune from suit by private parties in federal court absent a valid abrogation of its immunity by Congress or an express waiver by the state. See, e.g., College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 144 L. Ed. 2d 605, 527 U.S. 666, 669-70, 119 S. Ct. 2219, 2223 (1999). Georgia not having waived its rights, the sole issue is whether Congress validly abrogated state sovereign immunity in 11 U.S.C. § 106(a).

$^{HN7}$⟳Congress successfully abrogates a state's Eleventh Amendment immunity only where two requirements are met. Congress must unequivocally express an intent to abrogate state immunity, and its legislative action must be "pursuant to a valid exercise of power." Green v. Mansour, 474 U.S. 64, 68, 106 S. Ct. 423, 425-26, 88 L. Ed. 2d 371 (1985). "Congress' intent to abrogate **[*8]** the States' immunity from suit must be obvious from 'a clear legislative statement.'" Seminole Tribe, 517 U.S. at 55, 116 S. Ct. at 1123. That is no problem in this case. Congress clearly stated its intent to abrogate state sovereign immunity

in § 106(a), which provides in relevant part: "Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit" with respect to claims brought pursuant to 11 U.S.C. § 362.

The issue, then, is whether Congress' enactment of § 106(a) was "pursuant to a valid exercise of power." The **Crows** contend that Congress had the power to abrogate state sovereign immunity in enacting § 106(a) pursuant to its Article I bankruptcy power, under which *HN8* "Congress shall have power . . . .To establish . . . uniform laws on the subject of Bankruptcies throughout the United States . . . ." Art. I., § 8, cl. 4. However, in Seminole Tribe the Supreme Court held that *HN9* Congress may not abrogate state sovereign immunity by legislation passed pursuant to its Article I powers. 517 U.S. at 72-73, 116 S. Ct. at 1131-32.

The **Crows** read Seminole Tribe narrowly, and would **[*9]** restrict the reach of the decision to the Article I powers that were involved in Seminole Tribe itself, which are the ones flowing from the Indian and Interstate Commerce Clauses. Under the **Crows'** theory those powers are positively less potent for present purposes than Congress' Bankruptcy Clause power, because those other powers do not stem from a source that contains a uniformity requirement as the Bankruptcy Clause does. That theory, however, runs counter to the Supreme Court's sharp statement in Seminole Tribe that *HN10* "the Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." 517 U.S. at 72-73, 116 S. Ct. at 1131-32. The Court did not qualify its emphatic statement that Article I cannot be used to get around the Eleventh Amendment, and we decline to do so here, because the Supreme Court has reiterated in a number of cases since then that "Seminole Tribe makes clear that Congress may not abrogate state sovereign immunity pursuant to its Article I powers." Florida Prepaid, 527 U.S. at 666, 119 S. Ct. at 2225; see also **[*10]** Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 364, 121 S. Ct. 955, 962, 148 L. Ed. 2d 866 (2001) ("Congress may not, of course, base its abrogation of the States' Eleventh Amendment immunity upon the powers enumerated in Article I."); Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 79, 120 S. Ct. 631, 643, 145 L. Ed. 2d 522 (2000) ("Under our firmly established precedent then, if the ADEA rests solely on Congress' Article I commerce power, the private petitioners in today's cases cannot maintain their suits against their state employers.").

Although Seminole Tribe has closed the Article I abrogation avenue, Congress may still abrogate Eleventh Amendment immunity pursuant to § 5 of the Fourteenth Amendment, which provides that *HN11* "Congress shall have the power to enforce, by appropriate legislation, the provisions of this article." 517 U.S. at 59, 116 S. Ct. at 1125. The **Crows'** final argument is that Congress enacted § 106(a) pursuant to § 5 of the Fourteenth Amendment, because bankruptcy is a privilege or immunity under § 1 of the Fourteenth Amendment, meaning Congress could use § 5 to enforce § 1 and in that manner abrogate **[*11]** state sovereign immunity. We disagree.

"Correctly viewed, *HN12* § 5 is a positive grant of legislative power authorizing Congress to exercise its discretion in determining whether and what legislation is needed to secure the guarantees of the Fourteenth Amendment." Katzenbach v. Morgan, 384 U.S. 641, 651, 86 S. Ct. 1717, 1723-24, 16 L. Ed. 2d 828 (1966). However, Congress may pass only "appropriate" legislation under § 5, and must exercise its power in a "remedial" manner. Florida Prepaid, 527 U.S. at 667-68, 119 S. Ct. at 2226. "Any suggestion that Congress has a substantive, non-remedial power under the Fourteenth Amendment is not supported by [Supreme Court] case law." City of Boerne v. Flores, 521 U.S. 507, 527, 117 S. Ct. 2157, 2167, 138 L. Ed. 2d 624 (1997).

*HN13* Courts "should not quickly attribute to Congress an unstated intent to act under its authority to enforce the Fourteenth Amendment." Pennhurst State Sch. & Hosp. v.

Halderman, 451 U.S. 1, 16, 101 S. Ct. 1531, 1539, 67 L. Ed. 2d 694 (1981). Although it
need not "recite the words 'section 5' or 'Fourteenth Amendment'" to enact laws pursuant to
§ 5, E.E.O.C. v. Wyoming, 460 U.S. 226, 243 n.18, 103 S. Ct. 1054, 1064 n.18, 75 L. Ed. 2d
18 (1983), **[\*12]** "to invoke § 5, [Congress] must identify conduct transgressing the
Fourteenth Amendment's substantive provisions, and must tailor its legislative scheme to
remedying or preventing such conduct," Florida Prepaid, 527 U.S. at 669, 119 S. Ct. at 2227.
In light of this standard, the **Crows'** § 5 argument fails on three separate grounds.

First, Congress gave no indication that it enacted § 106(a) pursuant to anything other than
its Article I bankruptcy power. See Sacred Heart, 133 F.3d at 244; PNL Asset Mgmt., 123
F.3d at 245; Schlossberg, 119 F.3d at 1146. As the Third Circuit put it:

> The conclusion seems logically inescapable that in passing the 1994 Act Congress
> exercised the same specifically enumerated Article I bankruptcy power that it has
> traditionally relied on in enacting prior incarnations of the bankruptcy law dating
> back to 1800 - 68 years before the passage of the Fourteenth Amendment. *HN14*
> ⚓We will not presume that Congress intended to enact a law under a general
> Fourteenth Amendment power to remedy an unspecified violation of rights when
> a specific, substantive Article I power clearly enabled the law. **[\*13]**

Schlossberg, 119 F.3d at 1146 (internal citation omitted).

Second, *HN15*⚓even if Congress had purported to pass § 106(a) pursuant to its § 5 power, it
could not validly do so because conferring a statutory right to bankruptcy does not enforce
the Privileges & Immunities Clause of the Fourteenth Amendment. The Supreme Court has
expressly held that there is no constitutional right to a bankruptcy discharge, United States
v. Kras, 409 U.S. 434, 446-47, 93 S. Ct. 631, 638-39, 34 L. Ed. 2d 626 (1973), and § 5 does
not authorize Congress to create new constitutional rights, Downing v. Bd. of Tr. of Univ. of
Ala., 321 F.3d 1017, 1021 (11th Cir. 2003). It follows that Congress could not legislatively
elevate bankruptcy to the constitutional status of a privilege or immunity. In addition,
bankruptcy bears no resemblance to any of the rights the Supreme Court has defined as
privileges and immunities, see Twining v. New Jersey, 211 U.S. 78, 97, 29 S. Ct. 14, 19, 53
L. Ed. 97 (1908) (enumerating the rights protected by the privileges and immunities clause),
and in any event only one of those rights, the right to travel, **[\*14]** has been used to strike
down a law in the last 70 years. See Saenz v. Roe, 526 U.S. 489, 511, 119 S. Ct. 1518,
1530, 143 L. Ed. 2d 689 (1999) (Rehnquist, J., dissenting).

If bankruptcy, a statutorily-conferred, non-constitutional right, were deemed a privilege or
immunity, any statutory right Congress created would be a privilege or immunity, and
Congress could use any exercise of Article I power to abrogate state sovereign immunity by
claiming to act under § 5 of the Fourteenth Amendment. This would fly in the face of
Seminole Tribe. See Sacred Heart, 133 F.3d at 244-45 (rejecting contention that bankruptcy
is a privilege or immunity); see also Schlossberg, 119 F.3d at 1146-47 ("If the Fourteenth
Amendment is held to apply so broadly as to justify Congress' enactment of the Bankruptcy
Code as a requirement of due process, then the same argument would justify every federal
enforcement scheme as a requirement of due process under the Fourteenth Amendment.");
Mitchell, 209 F.3d at 1119 (rejecting a theory that § 106(a) could have validly abrogated
sovereign immunity under the Due Process Clause of the Fourteenth **[\*15]** Amendment);
PNL Asset Mgmt., 123 F.3d at 245 (to allow Congress to abrogate sovereign immunity by
determining that § 106(a) was passed pursuant to § 5 would "render Eleventh Amendment

state sovereign immunity meaningless and eviscerate the fundamental construct of federalism in our constitutional form of government").

Finally, even if Congress had purported to act under § 5 of the Fourteenth Amendment, and even if Congress otherwise could have done so, in enacting § 106(a) of the Bankruptcy Code Congress did not identify any pattern of state conduct violating bankruptcy law or any provision of the Fourteenth Amendment, as required by the Supreme Court in Florida Prepaid, 527 U.S. at 670, 119 S. Ct. at 2227. See H.R. Rep. No. 95-595 (1977), reprinted in 1978 U.S.C.C.A.N. 5963; H.R. Rep. No. 103-835, at 42 (1994); see also Mitchell, 209 F.3d at 1119-20. It follows that the enactment of § 106(a) was not remedial in the requisite sense and was not an appropriate exercise of its § 5 powers. See Florida Prepaid, 527 U.S. at 667-68, 119 S. Ct. at 2226; see also City of Boerne, 521 U.S. at 519, 117 S. Ct. at 2163-64. **[*16]** As a result, § 106(a) did not validly abrogate the Eleventh Amendment.

*HN16* Because Congress may not abrogate state sovereign immunity pursuant to its Article I Bankruptcy Clause powers, and because § 106(a) was not validly enacted pursuant to its powers under § 5 of the Fourteenth Amendment, Congress' attempt to take from states in in personam bankruptcy cases the protection that the Eleventh Amendment provides them is invalid. For that reason, the bankruptcy court and the district court should have granted the motion to dismiss filed by the state agencies as to count two in this case. See Ford, 323 U.S. at 464, 65 S. Ct. at 351.

The judgment of the district court as to count one is AFFIRMED. Its judgment as to count two is VACATED, and the case is REMANDED with instructions for the district court to vacate the judgment of the bankruptcy court as to count two, which is due to be dismissed.

Source: Legal > Federal Legal - U.S. > Circuit Court Cases - By Circuit > **11th Circuit - US Court of Appeals Cases** 🔅
Terms: **(crow) and date is 12/2004** (Edit Search)
View: Full
Date/Time: Tuesday, January 18, 2005 - 10:32 AM EST

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
C.A. NO. SUC93-00977-D

G. HOWARD HAYES, Individually,
and as Trustee of the MASHPEE
SELF-STORAGE NOMINEE TRUST;
J. BRUCE MACGREGOR; AND ROGER P.
WILLIAMS,
                    Plaintiffs

v.

PAUL J. WOODS, Individually
and as Trustee of the STEPHEN-
PAMELA REALTY TRUST, THE UNITED
STATES, DEPARTMENT OF INTERNAL
REVENUE SERVICE, THE DEPARTMENT
OF REVENUE OF THE COMMONWEALTH
OF MASSACHUSETTS,
                    Defendants



RECEIVED

MAR 11 1998

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
FOR CIVIL BUSINESS

## JOINT MOTION FOR RELEASE OF FUNDS

Three parties[1] jointly request this court to release funds to
them which are currently held by this court since deposit of escrow
funds on March 2, 1993.  The parties have a judgment from the Appeals
Court for the Commonwealth of Massachusetts, Case No. 96-P-948, which
vacates the April 4, 1995 judgment of Suffolk Superior Court and
enters a new judgment.  The Appeals Court judgment declares that the
attorney's lien of Stephen V. Murphy has priority to the Notices of

----------

1.   'The parties are the Commonwealth of Massachusetts Department of
Revenue, Michael J. Markoff ("Markoff") and Stephen V. Murphy
(Murphy"), the attorneys who represented the defendant, Paul J. Woods,
in the underlying Barnstable District Court Collection action.  Both
Murphy and Markoff intervened in this action on July 20, 1993.

Massachusetts Tax Lien of the Department of Revenue for the
Commonwealth of Massachusetts and is in an amount covering Stephen V.
Murphy's fees and expenses, including the amount he incurred by
retaining Attorney Michael J. Markoff.  No appeals have been taken
from the Appeals Court judgment.

On August 1, 1994, this court ordered the distribution of
$74,363.41 from the Court-held fund to the other defendant in this
action, the United States, in full satisfaction of any and all claims
of the United States to said fund.

As of February 28, 1998, the amount owed to each of the parties,
reflecting the accrual of interest to defendants Stephen V. Murphy and
Michael J. Markoff at the rate of ten percent (10%) per annum from the
June 30, 1992 settlement of the underlying Barnstable District Court
action, is as follows:

|  | AWARD | INTEREST FROM 6/30/92 THROUGH 6/30/97 | INTEREST FROM 7/1/97 THROUGH 3/31/98 | TOTAL DUE THROUGH 3/31/98 |
|---|---|---|---|---|
| STEPHEN V. MURPHY: | $ 5,886.75 | $2,943.37 | $ 441.45 | $ 9,271.57 |
| MICHAEL J. MARKOFF | 13,847.50 | 6,937.75 | 1,038.60 | 21,823.85 |

MASSACHUSETTS DEPARTMENT OF REVENUE:  BALANCE OF COURT-HELD FUND AFTER
PAYMENTS TO STEPHEN V. MURPHY AND MICHAEL J. MARKOFF.

The parties also request that if the payment of the court-held
fund is made after March 31, 1998, interest accruing after that date
shall be calculated by the clerk of the Court at the rate and in the
manner applicable to post-judgment interest.

Accordingly, the moving parties request this Court to order the distribution of the fund held in this action.


Respectfully submitted,

STEPHEN V. MURPHY,


Pro se,


_____

STEPHEN V. MURPHY, ESQ.
13 Steeple
Post Office Box 247
Mashpee, MA  02649


MICHAEL J. MARKOFF

Pro se,


_____

MICHAEL J. MARKOFF, ESQ.
184 Jones Road
Post Office Box 212
Falmouth, MA  02541-0212


4382/ERM

MITCHELL ADAMS
COMMISSIONER OF REVENUE
COMMONWEALTH OF MASSACHUSETTS

By his attorney,


_____

EILEEN RYAN MCAULIFFE
Counsel to the Commissioner
Department of Revenue
Litigation Bureau, Room 808
P.O. Box 9688
100 Cambridge Street
Boston, Massachusetts 02114
(617) 626-3217

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV93-00977                                As of 06/12/96

Hayes et al v Woods et al

---

LE/RTRN DATE 02/16/93      CASE STATUS dappen   Disposd: appeal pending
 STATUS DATE 04/28/95         SESSION D         Civil D
 CASE ORIGIN 1             CASE TYPE D99         Misc equitable remedy
   LEAD CASE                  TRACK F   JURY n
------------------------- Tracking Deadlines -------------------------
         SERVICE 05/17/93       ANSWER 07/16/93    RULE 12/19/20 07/16/93
          RULE 15 07/16/93   DISCOVERY 12/13/93                RULE 56 01/12/94
       FINAL PTC 02/11/94  DISPOSITION 04/12/94

---

ntiff                              Private Counsel 558826
r P Williams                       Maureen E Curran
re 02/16/93                        Conn, Kavanaugh, Rosenthal & Peisch
                                   10 Post Office Square
                                   4th floor
                                   Boston MA 02109
                                   Phone: 617-482-8200
                                   Fax: 617-482-6444
                                   Active 06/03/94 Notify

                                   Private Counsel 561590A
                                   Thomas E Kenney
                                   Pierce & Mandell
                                   1 Beacon Street
                                   13th floor
                                   Boston MA 02108
                                   Phone: 617-720-2444
                                   Fax: 617-367-1363
                                   Active 08/16/93 Notify

                                   Private Counsel 393260
                                   Thomas E Peisch
                                   Conn, Kavanaugh, Rosenthal & Peisch
                                   10 Post Office Square
                                   4th floor
                                   Boston MA 02109
                                   Phone: 617-482-8200
                                   Fax: 617-482-6444
                                   Active 08/12/93 Notify

                                   Private Counsel 550933
                                   Therese M LaRussa
                                   Conn, Kavanaugh, Rosenthal & Peisch
                                   10 Post Office Square

APP1

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV93-00977.                              As of 06/12/96

Hayes et al v Woods et al                          Page 2

                              4th floor
                              Boston MA 02109
                              Phone: 617-482-8200
                              Fax: 617-482-6444
                              Withdrawn 08/16/93

intiff                        See above.
ruce MacGregor                See above.
ive 02/16/93                  See above.
                              See above.

intiff                        See above.
oward Hayes, Trustee          See above.
hpee Self-Storage Nominee Tr  See above.
ive 02/16/93                  See above.

intiff                        See above.
oward Hayes                   See above.
ive 02/16/93                  See above.
                              See above.

endant                        Private Counsel 548131
t of Revenue of Comm of Mass  Salvatore M Giorlandino
ved: 02/24/93                 Mass Atty General's Office
wered: 03/31/93               1 Ashburton Place
wered 03/31/93                Room 2019
                              Boston MA 02108 1698
                              Phone: 617-727-2200 2092
                              Fax: 617-727-3251
                              Active 05/15/95 Notify

                              Private Counsel 435260
                              Eileen Ryan McAuliffe
                              Mass Revenue Dept
                              100 Cambridge Street
                              Room 808 - Legal Dept
                              Boston MA 02204 7068
                              Phone: 617-727-7150
                              Active 03/22/93 Notify

endant
Internal Revenue Service
ved: 02/24/93
wered: 03/31/93
wered. 03/31/93

APP2

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

· SUCV93-00977                                    As of 06/12/96.

Hayes et al v Woods et al                              Page 3

fendant                              Private Counsel 547590
1l J Woods Trustee                   Michael J Markoff
ephen-Pamela Realty Trust            PO Box 212
swered: 05/20/93                     Falmouth MA 02541 0212
swered 05/20/93                      Phone: 508-548-5500
                                     Fax: 508-548-5520
                                     Active 05/20/93 Notify

fendant                              See above.
1l J Woods
swered: 05/20/93
swered 05/20/93

fendant/intervenor                   See above.
ephen V Murphy
) Box 247
hpee MA 02649
)#363840
:ive 07/20/93

endant/intervenor                    See above.
hael J Markoff
) Box 212
mouth MA 02541
)#547590
ive 07/20/93

as plaintiff name                    See above.
hpee Self-Storage Nominee Tr         See above.
ive 02/16/93                         See above.
                                     See above.

as defendant name
phen-Pamela Realty Trust
ive 02/16/93

* * *  D O C K E T  * * *
-------------------------------------------------------------------------
E      PAPER ENTRY
-----  -----  -----------------------------------------------------------
16/93  .1.0  Complaint
16/93         Origin 1, Type D99, Track F.
16/93    2.0  Civil action cover sheet re: complaint
01/93    3.0  Motion of plffs to deposit funds into court
02/93         Motion (P#3) allowed (Peter M Lauriat, Justice) Notice sent
              3/4/93

APP3

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV93-00977                         As of 06/12/96

Hayes et al v Woods et al                    Page 4

* * *   D O C K E T   * * *

-------------------------------------------------------------------------
ATE    PAPER ENTRY
------   -----  ----------------------------------------------------------
3/02/93   4.0  ORDER:It is hereby ordered that the plffs. shall deposit the
               funds, which are the subject of the current interpleader action,
               and which are currently being held in an interest bearing
               account immediately upon receipt of this order. Additionally,
               the plffs. shall continue to pay the monthly payments into court
               pursuant to the settlement agreement in the companion action,
               Wood v Hayes, C.A. 90-2520 Barnstable Superior Court. (Lauriat,
               J.). Notice sent 3/4/93
/24/93    5.0  SERVC RETRND: US Dept of Internal Revenue Ser (Defendant) By
               giving in hand to Paula Winn, at U.S. Atty's. Office 2/18/93
/24/93    6.0  SERVC RETRND: Dept of Revenue of Comm of Mass (Defendant) By
               giving in hand to Ms. M. Damour 2/18/94
/24/93    7.0  SERVC RETRND (summons): Attorney General by giving in hand to
               Sandra McDonald 2/18/93
/12/93         $174,218.33 pd in to Court.
/31/93    8.0  ANSWER of deft Commonwealth of Mass Commissiner or Revenue
/09/93         $3041.46 paid into Court.
/10/93    8.1  ANSWER: US Internal Revenue Service
/14/93         $2498.36 paid into Court.
/20/93    9.0  ANSWER: Paul J Woods Indiv & Trustee
/10/93         Case status changed to "Needs review for answers" at service
               deadline review
/10/93         $2715.55 paid into Court.
/12/93         $2868.74 paid into Court.
/20/93   10.0  Motion of Michael J Markoff & Stephen V Murphy to intervene as
               party defts - Allowed, (White,J) Notice sent 7/26/93
/20/93   11.0  ANSWER of defts/Intervenors Michael J Markoff & Stephen V Murphy
               Filed by leave of court (White,J)
/10/93         Case status changed to "Needs discovery" at answer deadline
               review
/09/93         $2914.78 paid into Court.
/02/93         $2895.68 paid into Court.
/04/93         $3025.11 paid into Court.
/08/93         $3041.46 paid into Court.
/05/94         $3,027.00 paid into Court.
/02/94         $3,041.46 paid into Court.
/07/94         $3,027.14 paid into Court.
/19/94         $3041.46 paid into Court.
/05/94         $3041.46 paid into Court.
/26/94   12.0  Stipulation for the entry of an order of distribution ato the
               Uniated States

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV93-00977                          As of 06/12/96

Hayes et al v Woods et al                      Page 5

* * *   D O C K E T   * * *

--------------------------------------------------------------------------
| PAPER ENTRY
---- -----
3/94   13.0 Joint motion of all active parties to continue pretrial
            conference scheduled for June 21, 1994 (w/o opposition)
3/94        Motion (P#13) Allowed (White, J ) notice sent 6-29-94
8/94   13.1 ORDER: The Clerk of the Court is directed to pay the sum of
            $74,363.41 to the United States forthwith from the fund relating
            to the above-captioned case and held in the Registry of the
            Court, with interest thereon from and after May 1, 1994 as set
            forth in said stipulation (White,J) Notice sent 6/29/94
3/94   14.0 Motion of intervenor defs Michael J Markoff & Stephen V Murphy
            for Summary Judgment with opposition
3/94   15.0 Motion of Commissioner of Revenue for Summary Judgment with
            opposition
1/94        $2878.66 paid into Court.
0/94        $76,361.73 paid to The United States of America.
6/94        $2,937.41 paid into Court.
7/94   16.0 Agareed upon statement of facts
8/94        $3041.46 paid into Court.
8/94        $3041.46 paid into Court.
2/94        $2899.67 paid into Court.
7/94        $3041.46 paid into Court.
6/95        $3041.46 paid into Court.
1/95        $3041.46 paid into Court.
4/95   17.0 ORDER AND JUDGMENT Commissioner of Revenue's Motion for Summary
            Judgment is ALLOWED. There is no Massachusetts law cited to the
            Court on the question of the priority between a tax lien and an
            atty lien. THe court determines that priority should be based on
            whichever lien arose first; her it is the tax lien. See Mass.
            G.L. c62C s 50(a) ("The lien shall arise at the time the
            assessment is made or deemed to be made and shall continue until
            the liability for the amount assessed deemed to be assessed is
            satisfied"). The tax lien arose before the services of the
            Intervenor-Deft Markoff and Murphy were engaged. Judgment is to
            enter declaring the priority of the Massachusetts Tax Lien SO
            ORDERED (Roseman,J) entered on docket pursuant to Mass. R.
            Civ.P. 58(a) and notice sent to parties pursuant to Mass. R.
            Civ.P. 77(d)
5/95        $2,965.06 paid into Court.
3/95   18.0 Notice of appeal of Intervenor-def Michael J Markoff
3/95   19.0 Notice of appeal of Intervenor-def Steven V Murphy
3/95   20.0 Designation Pursuant to MARP 18(b) & Statement of Issues of
            deft/ Intervenor Michael J Markoff

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT
PUBLIC CIVIL DOCKET & HISTORY

SUCV93-00977                                As of 06/12/96

Hayes et al v Woods et al                              Page 6

* * *  D O C K E T  * * *
--------------------------------------------------------------------------
E      PAPER ENTRY
-----  -----  ------------------------------------------------------------
04/95          Notice to Justice David M Roseman of filing of notice of appeal
04/95          Notice of service of notice of appeal to: Maureen E Curran, Esq,
               Thomas E kenney, Esq, Thomas E Peisch, Esq and Therese M
               LaRussa, Esq, of Messrs Conn, Kavanaugh, Rosenthal & Peisch and
               Eileen Ryan- McAuliffe, Esq
30/95          Notice of Assembly of record on appeal
05/95          $2,964.58 paid into Court.
03/95          $3041.46 paid into Court.
20/96    21.0  Motion of deft Dept of Revenue to dismiss appeals (with
               opposition)
20/96    22.0  Opposition of intervenor defts to motion of deft Dept of Revenue
               to dismiss appeals & cross-motion of intervenor defts to enlarge
               time for filing appeal for ten days after the entry of this
               Court's Order deciding this motion (w/o opposition)
18/96          (P#21) Accepting as to the intervenors statment that they did
               not receive the notice of assembly of the record until on or
               about April 26, 1996 - the court finds excusable neglect and
               shall deny this motion to dismiss appeal and shall enlarge time
               for docketing the appeal to June 10, 1996 (Smith Jr, Justice)
               Notice sent 5/29/96
2/96           Notice of assembly of record on appeal

* * *  C A L E N D A R  * * *
--------------------------------------------------------------------------
       COURT EVENT                    EVENT STATUS               SES SCH DATE
----   ----------------------------   --------------------------  --- --------
2/94   ADR: screening conference      Opt out of ADR              D   04/22/94
1/94   CNFRNC: final pre-trial        Pltf did not appear         D   06/21/94
3/94   HRNG: Rule56 motion            Rescheduled                 D   09/13/94
9/94   HRNG: Rule56 motion            Rescheduled                 D   09/21/94
8/94   HRNG: Rule56 motion            Held                        D   09/28/94

COPY ATTEST:

ASSISTANT CLERK

APP6

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF SUFFOLK
THE SUPERIOR COURT

DOCKET# SUCV93-00977

RE:  Hayes et al v Woods et al

TO:  Eileen Ryan McAuliffe
     Mass Revenue Dept
     100 Cambridge Street
     Room 808 - Legal Dept
     Boston MA 02204

NOTICE OF DOCKET ENTRY

You are hereby notified that on 04/04/95 the following entry
was made on the above referenced docket:

ORDER AND JUDGMENT Commissioner of Revenue's Motion for Summary
Judgment is ALLOWED. There is no Massachussetts law cited to the
Court on the question of the priority between a tax lien and an
atty lien. THe court determines that priority should be based on
whichever lien arose first; her it is the tax lien. See Mass.
G.L. c62C s 50(a) ("The lien shall arise at the time the
assessment is made or deemed to be made and shall continue until
the liability for the amount assessed deemed to be assessed is
satisfied"). The tax lien arose before the services of the
Intervenor-Deft Markoff and Murphy were engaged. Judgment is to
enter declaring the priority of the Massachusetts Tax Lien SO
ORDERED (Roseman,J) entered on docket pursuant to Mass. R. Civ.P.
58(a) and notice sent to parties pursuant to Mass. R. Civ.P.
77(d)

Dated: 4th day of April, 1995

Michael Joseph Donovan
Clerk of the Courts

BY:
    James P Kelly, Asst Clerk
    Telephone: 617-725-8515

17

COMMONWEALTH OF MASSACHUSETTS

NOTICE SENT: 4-4-95

SUFFOLK, ss.
M.E.C.(C,K,R&P)    E.R.M.(MRD)
T.E.K.(C,K,R&P)    M.J.M.
T.E.P.(C,K,R&P)
(AC)

SUPERIOR COURT
CIVIL ACTION
NO. 93-00977D

G. HOWARD HAYES[1] and Others[2]

vs.

PAUL J. WOODS[3] and Others[4]

ORDER

Commissioner of Revenue's Motion for Summary Judgment is
ALLOWED. There is no Massachusetts law cited to the court on the
question of the priority between a tax lien and an attorney lien.
The court determines that priority should be based on whichever
lien arose first; here it is the tax lien. See Mass. G. L. c. 62C
§50(a)("The lien shall arise at the time the assessment is made or
deemed to be made and shall continue until the liability for the
amount assessed or deemed to be assessed is satisfied"). The tax
lien arose before the services of the Intervenor-Defendant Markoff
and Murphy were engaged. Judgment is to enter declaring the
priority of the Massachusetts Tax Lien. SO ORDERED.

David M. Roseman
Justice of the Superior Court

DATED: March 28, 1995

---

[1] Individually and as Trustee of the Mashpee Self-Storage
Nominee Trust

[2] J. Bruce MacGregor; Roger P. Williams and G. Howard Hayes.

[3] Individually and as Trustee of the Stephen-Pamela Realty
Trust.

[4] The United States; Department of Internal Revenue Service;
Department of Revenue of the Commonwealth of Massachusetts.

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF SUFFOLK
THE SUPERIOR COURT

DOCKET# SUCV93-00977D

RE:  Hayes et al v Woods et al



TO:  Salvatore M Giorlandino
     Mass Atty General's Office
     200 Portland Street
     Government Bureau/Trial Division
     Boston MA 02114-1698

---

NOTICE OF DOCKET ENTRY

You are hereby notified that on 02/11/98 the following entry
was made on the above referenced docket:

    JUDGMENT FOR DEFTS AFTER RESCRIPT (PURSUANT TO MASS.R.A.P. 28)
    That Mr. Murphy's lien has priority over the lien of Dept and is
    in an amount covering his fees and expenses, including  the
    amount he incurred by retaining Mr. Markoff entered on docket
    pursuant to Mass R. Civ.P. 58(b)and notice sent to parties
    pursuant to Mass. R. Civ. P 77(d)

Dated: 11th day of February, 1998

Michael Joseph Donovan
Clerk of the Courts

BY:
    (Unassigned)
    Telephone: 617-725-8205

*aerp 1995*

**24**

**N.B. FOR CLERK'S USE ONLY**
JUDGMENT ENTERED ON DOCKET___February 11._____ 19 _98_
PURSUANT TO MASS.R.CIV.P.58(b) AND NOTICE SENT
TO PARTIES PURSUANT TO MASS.R.CIV.P.77(d) AS FOLLOWS:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. __93-0977__

__G. HOWARD HAYES ET ALS_____ , Plaintiff(s)

v.

__PAUL J. WOODS ET ALS_____ , Defendant(s)

### JUDGMENT FOR DEFENDANT[S] AFTER RESCRIPT
(PURSUANT TO MASS.R.A.P.28)

This action was appealed to the - *Appeals Court - ~~Supreme Judicial Court~~ - the
issues having been duly heard and the _____Appeals_____ Court having duly
issued a rescript, it is ordered and adjudged:

THAT MR. MURPHY'S LIEN HAS PRIORITY OVER THE LIEN OF THE DEPARTMENT AND IS
IN AN AMOUNT COVERING HIS FEES AND EXPENSES, INCLUDING THE AMOUNT HE INCURRED
BY RETAINING MR. MARKOFF.

Dated at Boston, Massachusetts, this __10th_____ day of _February_____ 19 _98_

MICHAEL JOSEPH DONOVAN, Clerk/Magistrate

By: _____ , Asst. Clerk

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NOTICE TO PARTIES: PURSUANT TO MASS.R.A.P.26(c) A PARTY DESIRING COSTS SHALL STATE THEM
IN AN ITEMIZED AND VERIFIED BILL OF COSTS, WHICH SHALL BE FILED WITH THE CLERK OF THIS
COURT, WITH PROOF OF SERVICE, WITHIN FOURTEEN (14) DAYS AFTER ENTRY OF THIS JUGMENT.

*Strike inapplicable words.
A TRUE COPY OF JUDGEMENT DULY ENTERED ON___2/11_____ 19 _98_

# United States Court of Appeals
## For the First Circuit

No. 05-1859

GMAC MORTGAGE CORPORATION,

Plaintiff, Appellee,

v.

JEFFREY L. BAYKO, SR., ET AL.,

Defendants.

————————

Before

Boudin, <u>Chief Judge</u>,
Campbell and Stahl, <u>Senior Circuit Judges</u>.

————————

JUDGMENT

Entered: December 8, 2005

At the motion of the United States, this appeal is <u>dismissed</u> as moot. We <u>deny</u> the request for vacatur, a gesture of limited utility given the many District of Massachusetts decisions rejecting the position taken by the United States. In view of the new interpleader action by the plaintiff, we need not order the district court to adjudicate the claims of the remaining parties.

<u>Dismissed</u>.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____

Chief Deputy Clerk.

[Cert. cc: Hon. George A. O'Toole, Jr. and Sarah A. Thornton, Clerk, U.S.D.C. of Massachusetts, cc: Rosen, Sullivan, Barnico, Hutter, Clark, Ms. Smith, Ms. Turanchik, Ms. McAuliffe and Ms. Ouimet-Rooke]

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
C.A. 87-4722

44

GUARANTY FIRST TRUST CO.
Plaintiff

vs.

NORMAN J. PRAUGHT, et. al.,
Defendants

MEMORANDUM OF DECISION AND ORDER

This memorandum of decision and order relates to an interpleader action brought by plaintiff. This court issued a preliminary decision on May 31, 1989 and requested the parties submit briefs detailing their claims against the interpleaded funds as of June 10, 1989. A hearing was held on June 9, 1989 during which the requested briefs were submitted. At the hearing, counsel for plaintiff submitted a motion for attorneys fees.

### Discussion

Attorney fees may be awarded to a disinterested stakeholder at the discretion of the trial judge where equity warrants the distribution. See Chemical Bank v. Richmull Associates, 666 F. Supp. 616 (1987). The plaintiff in the present action initiated these proceedings without an interest in the eventual outcome of the distribution; equity warrants the award of reasonable attorney's fees after the distribution of the federal and state liens.

Copied →

2

Pursuant to this Court's previous order, the following distribution of funds is ordered in descending order of priority:

|     |                        | Tax Year     | Amount      |
|-----|------------------------|--------------|-------------|
| 1.  | United States          | 1980         | $ 7,940.63  |
| 2.  | United States          | 1981         | 23,251.82   |
| 3.  | United States          | 1982         | 7,471.35    |
| 4.  | Massachusetts          | 1983         | 3,389.04    |
| 5.  | United States          | 1983         | 14,273.44   |
| 6.  | Massachusetts          | 1980,81 & 82 | 8,331.36    |
| 7.  | J.A. Marino            |              | 10,100.00   |
| 8.  | C.D. Boiler Works      |              | 8,750.00    |
| 9.  | Premier Roofing        |              | 16,600.31   |
| 10  | Pereira                |              | 11,571.23   |
| 11  | Capital Glass Co.      |              | 2,433.37    |
| 12  | Capital Bldg. Specialty |             | 3,173.96    |

### ORDER

It is hereby ORDERED that reasonable attorney's fees are to be awarded to the plaintiff. Plaintiff is Ordered to prepare a Memorandum detailing its legal expenses incurred in this action.

3

It is further Ordered that plaintiff is to submit to this
Court an up-to-date accounting of the disputed stake plus earned
interest as of August 17, 1989.  A hearing will be held at that
time and distribution ordered pursuant to the above schedule.  All
parties are ordered to attend.

Robert J. Hallisey
Justice of the Superior Court

7/3/89

Dated:                , 1989

Entered: July 5, 1989