UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11604-GAO

HUDSON SAVINGS BANK,
Plaintiff

v.

GEORGE C. AUSTIN, III, as Executor
of the Estate of and as Heir of
George Clifford Austin, II, a/k/a G. Clifford Austin, II,
UNITED STATES OF AMERICA, and
MASSACHUSETTS DEPARTMENT OF REVENUE
Defendants.

MEMORANDUM AND ORDER
March 29, 2006

O'TOOLE, D.J.

Hudson Savings Bank brought this interpleader action in the Massachusetts Superior Court seeking a determination of the rights of the defendants in the net proceeds from a public foreclosure sale of certain real property located in Marlborough, Massachusetts. The United States removed the case to this court pursuant to 28 U.S.C. §§ 2410 and 1444. The Massachusetts Department of Revenue (hereinafter "the Commonwealth") has moved to dismiss the case because the Eleventh Amendment bars prosecution of this action against the Commonwealth in this Court. Further, because the Commonwealth as a claimant to a portion of the proceeds is an indispensable party to the action, the case cannot fairly be litigated in the absence of the Commonwealth. For this reason, the Commonwealth urges, dismissal of the action only as to the Commonwealth is not a satisfactory resolution of the Eleventh Amendment problem; instead the entire case must be dismissed.

The procedural conundrum presented in this case has been addressed by judges in this District on several occasions in recent years. In fact, I have decided essentially the same issue, brought about by the same basic constellation of underlying procedural facts, three times in recent years. The United States having presented nothing new in the way of argument, I conclude, as I did previously in GMAC Mortgage Corp. v. Bayko, Docket No. 04-12448-GAO, First Fed. Sav. Bank v. Ward, Docket No. 03-10168-GAO, and the Cape Ann Sav. Bank cases, Docket. Nos. 02-10032-GAO and 02-10036-GAO, that the Commonwealth is correct and the action ought to be dismissed. I write briefly to address the United States' arguments here and to summarize the principles underlying my decision, much of which has already been recounted in my prior decisions.

The Eleventh Amendment bars suit against the Commonwealth in this court without the Commonwealth's consent, which consent it withholds. The United States argues that this action should more appropriately be thought of as an *in rem* or *quasi in rem* proceeding so that the Eleventh Amendment is not a bar. The First Circuit has expressly held otherwise, see Metro. Prop. and Cas. Ins. Co. v. Shan Trac, Inc., 324 F.3d 20, 25 (1st Cir. 2003) ("Interpleader actions are *in personam*, not *in rem*") and the Supreme Court's decision in Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440 (2004) does not compel a different conclusion in the circumstances of this case. The United States is also incorrect that, because the United States removed this case to federal court pursuant to its statutory right to do so, this case is analogous to those holding that states cannot invoke the Eleventh Amendment when the United States impleads a state as a third party defendant in a suit brought by a private citizen. See Parks v. United States, 784 F.2d 20, 23 (1st Cir. 1986). This analogy is flawed because in this action the Commonwealth will be subjected not only to claims by the United States but also to claims by interested private parties, including a claim by Hudson Savings

2

Bank to be released from any obligation to the Commonwealth beyond the payment of the surplus amount into court for appropriate disbursement.

The United States argues that even were I to find that the Commonwealth must be dismissed, I should nevertheless allow this action to proceed because the Commonwealth is not an indispensable party. I recognize that other judges in this district have taken such an approach, finding that the Commonwealth's interests could be adequately protected by other means – such as its right to intervene, to participate as an amicus, or to seek a declaratory judgment – or that a weighing of the factors set out in Federal Rules of Civil Procedure Rule 19(b) permits a conclusion that this action can be appropriately litigated without the presence of the Commonwealth. I disagree with these approaches and conclude that dismissal of the entire case is the proper course when faced with the situation presented in this type of case.

When the United States exercises its statutory right to remove an interpleader action from state court pursuant to § 1444, the course of the litigation in federal court is, as with any civil action, governed by the Federal Rules of Civil Procedure, including in particular Rule 22 (Interpleader) and Rule 19 (Joinder of Persons Needed for Just Adjudication). If it should be determined that a party is indispensable under Rule 19(b) and that this mandates dismissal of the case, it may be dismissed without any derogation from the removal right. In this context, the underlying reasons for the conclusion that an absent party is indispensable and that the case should therefore be dismissed are not important. Here, the reason is the Commonwealth's immunity under the Eleventh Amendment from being sued in an *in personam* action in the federal court, but it could just as well be any other reason.

Turning to the Rule 19 determination, there is ample ground to conclude that dismissal of the entire action is necessary "in equity and good conscience." Fed. R. Civ. P. 19(b). This case demonstrates the problem that compels this conclusion. Hudson Savings Bank alleges in its interpleader complaint that (1) there is a limited amount of money remaining as net proceeds, less than is sufficient to fulfill the outstanding claims of both the Commonwealth and the United States, (2) the United States and the Commonwealth could not resolve disputes over who has priority in the proceeds amongst themselves and requested adjudication of this dispute in interpleader, and (3) as a result of these conflicting claims, Hudson Savings Bank is in great doubt as to whom and in what portions it should distribute the surplus proceeds. Continuing this action after the dismissal of the Commonwealth would effectively undermine the interpleader procedure as a satisfactory mechanism for resolving all claims among competing claimants in a single action. Other solutions that have been suggested to allow the action to continue after the dismissal of the Commonwealth, such as permitting the Commonwealth to intervene or participate as an amicus, simply pressure the Commonwealth into doing what it properly objects to doing under the Eleventh Amendment – that is, participating in the adjudication of claims against it in this Court. If the Commonwealth is justified in invoking its Eleventh Amendment protections, it is hardly an accommodation to its interests to say that it can participate if it chooses to do so. It has already said it does *not* wish to participate in this federal adjudication. Therefore, it seems to me that to threaten to adjudicate the claims without the Commonwealth unless it surrenders its objection and somehow "volunteers" to participate in the action would essentially coerce the Commonwealth into waiving its Eleventh Amendment right.

Finally, since the decision to dismiss the entire action must involve a weighing of equitable considerations, I note that an important consideration that underlies my decision is that there is an

adequate alternative forum for the adjudication of this dispute where there is no constitutional or statutory impediment to joinder and participation of all parties interested in this dispute. Because of this available adequate alternative forum, where this case in fact began, the choice to let this case be adjudicated in the federal forum is the less attractive choice from an equitable standpoint.

Therefore, I conclude that the Commonwealth must be dismissed as a result of its proper invocation of its Eleventh Amendment immunity and that, the Commonwealth being an indispensable party, the entire action must be dismissed. Accordingly, the Commonwealth's Motion to Dismiss Entire Case, Docket # 4, is GRANTED and the case is DISMISSED in its entirety.

It is SO ORDERED.

March 29, 2006  \s\ George A. O'Toole, Jr.
DATE  DISTRICT JUDGE